[Evitt v. Lowery Banking Co.]

# Evitt *v.* Lowery Banking Co.

|96|381|
|102|397|

*Action on Promissory Notes.*

1. *Demurrer; specification of causes.*—Under the statute (Code, § 2690) providing that "no objection can be taken or allowed which is not distinctly stated in the demurrer," a demurrer to a plea, on the ground "that all the matters and things set forth in said plea show no reason why plaintiff should not recover," is too general.

2. *Same.*—A plea by defendant to an action on promissory notes, that he has been garnished by creditors of plaintiff's assignor on the identical notes in suit, with prayer "whether plaintiff ought further to maintain the suit, and that the same may be quashed," presents matter in suspension of the suit, and is not frivolous, nor does it present an immaterial issue; and, while it is defective, a demurrer to it, not pointing out the defect, should not be sustained.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was an action by the appellee, the Lowery Banking Company, a corporation, against the appellant, R. P. Evitt. The rulings of the court upon the pleadings are sufficiently shown in the opinion. The plaintiff's demurrer to the defendant's plea stated the following grounds: (1) "That said plea is in effect a denial of plaintiff's right to maintain this suit, and is not verified by affidavit;" (2) "That said plea is in effect a denial of plaintiff's ownership of the notes sued on in this action, and is not verified by affidavit;" (3) "That all the matters and things set forth in said plea show no reason why plaintiff should not recover in this action;" (4) "That said plea is frivolous, and does not present any material question on which issue can be joined."

E. H. HANNA, and SAVAGE & COLEMAN, for appellant, cited *Foster v. Napier*, 73 Ala. 595; *Cotton v. Word*, 45 Ala. 359; 47 Ala. 667.

BLACKWELL & KEITH, *contra*, cited *Crawford v. Slade*, 9 Ala. 887.

THORINGTON, J.—Appellee, as transferee before maturity of certain promissory notes made by appellant to Wiley & Green, brought suit against appellant in the City Court of Anniston to recover the amount of said several notes, all of which had then matured.

[Evitt v. Lowery Banking Co.]

Appellant filed a plea averring that one Paul Jones had sued out an attachment from the Circuit Court of Cleburne county againt Wiley & Green, which was executed by summoning Evitt to answer what he was indebted, &c., to Wiley & Green; that Evitt filed his answer in the attachment suit, "mentioning the notes sued on in this present cause and suggesting the claim of the receiver of Wiley & Green; that thereupon the receiver came in and propounded his claim to said notes, but at the succeeding term the receiver's counsel, by leave of the court, withdrew the claim and propounded a claim for appellee;" that this last claim is to the "identical notes sued on in this action, and that said attachment suit is still pending and undisposed of in said Circuit Court of Cleburne; that the attachment suit was commenced, and [appellee's] claim propounded therein, before this action was commenced." The prayer of the plea is, whether plaintiff ought further to maintain the suit, and that the same may be quashed.

The statutes relating to contests between a plaintiff in attachment and a third person brought in on suggestion in the garnishee's answer, were substantially the same under Clay's Digest as in our present Code.—Clay's Digest, p. 63, §§ 39, 40, 41, 43; Code 1886, §§ 2984, 2985, et seq. While Clay's Digest was of force, this court declared that the defense attempted to be set up by the special plea in this case would avail to suspend further proceedings in the cause for the present, but not to abate the writ, and that the prayer of such a plea is "not that the writ be quashed, but whether the court will compel further answer." In the decisions alluded to, both the structure and effect of the plea are clearly indicated, and they furnish a sufficient guide for the further progress of this suit.—*Crawford v. Slade,* 9 Ala. 887; *Crawford v. Clute & Mead,* 7 Ala. 157. The plea now under consideration is defective, according to the tests laid down in the above cited decisions, but appellee's demurrer does not reach the defects. There are four grounds of demurrer. The first and second were overruled by the City Court, and the third and fourth were sustained; and from the ruling of the court on the last two the appeal is taken.

The third ground of demurrer was improperly sustained, because it is too general. The Code provides that demurrers shall be allowed only to matter of substance which the party demurring specifies, and "no objection can be taken or allowed which is not distinctly stated in the demurrer."—Code 1886, § 2690. Grounds of demurrer stated in substantially the language of the third assignment in this case have been held

[Leatherwood v. Suggs.]

by this court not a substantial compliance with the statute. 3 Brick. Dig. p. 705, §§ 70-79. It is unnecessary to decide whether the action of the court in sustaining such a ground of demurrer to a plea that is defective is not error without injury, as the case must be reversed on other grounds.

The fourth ground of demurrer was improperly sustained. The plea is not frivolous, nor does it present an immaterial issue; but, according to the decisions above cited, it presents matter in suspension of the suit, either as a plea or by way of suggestion to the court. True, we have said it is defective as a plea, but we can not notice any defect not distinctly pointed out by the demurrer.—*Lakeside Land Co. v. Dromgoole*, 89 Ala. 505. The case of *Foster v. Napier*, 73 Ala. 595, relied on by appellant, is not an authority for a case like this; neither the attachment suit referred to in the plea in question, nor the contest thereon, is a suit between the same parties, as in this case. The attachment suit proper is between Paul Jones and Wiley & Green, and the garnishment suit is between Paul Jones and Evitt, and the contest is between Paul Jones and appellee; and under the terms of the statute no judgment could be rendered in favor of appellee against appellant if they should prevail in the contest with the attaching creditor, for in that event the statute requires that the garnishee (appellant) shall be discharged. Code of 1886, § 2985. The pendency of the attachment suit is allowed to operate in suspension of the suit by the creditor of the garnishee, because judgment might be rendered in the attachment suit in favor of the plaintiff, and, in that event, if the creditors' suit should also proceed to judgment, the debtor, or garnishee, might be subjected to double payment.

The judgment of the City Court must be reversed, and the cause remanded.

Let each party be taxed with one-half of the costs of appeal in this court and in the City Court.

Reversed and remanded.