# Ryall *v.* Allen.

*Action for Damages for Trespass by Stock.*

1. *Trespass by stock; estray statutes.*—At common law, every man was bound to keep his cattle enclosed, but under the "Estray statutes" of Alabama, he who would seek protection against animals running at large must protect himself against them by a lawful fence, unless there is some statute prohibiting such animals running at large in that particular district.

[Ryall v. Allen.]

2. *Same; same.*—Where a special statute declares it unlawful for stock of any kind to run at large within a certain district, the common law rule applies in such district, which declares that "Whoever permitted his cattle to go at large, off his premises, if they escaped or strayed on the premises of another, within the designated part or district, became liable for all damage done by them."

3. *Same; same; Section 2116 of the Code construed.*—Section 2116 of the Code has reference to enclosure by lawful fence, and the remedy thereby provided is not exclusive of any other remedy for damages suffered from stock trespassing upon lands of one other than the owner.

4. *Damages; pleading; general demurrer.*—Where a general demurrer is interposed to pleading, it should be overruled. But where it plainly appears that the pleading could not have been amended so as to make it good, the technical error of the court, in sustaining a general demurrer thereto, is error without injury.

5. *Damages; trespass by stock; value of growing crop; evidence.* Where it is shown that stock has trespassed upon a growing crop of plaintiff, questions to plaintiff, "What amount of cotton was destroyed by defendant's stock? What was the value of your mellilotus destroyed by defendant's stock?" both call for facts, and not for opinions, and were unobjectionable.

6. *Same; same; trespass and trespass on the case.*—Where a complaint alleges that the defendant voluntarily or knowingly allowed his stock to run at large and trespass on plaintiff's land, and that their running at large and trespassing on plaintiff's land was not the result of mere negligence, the action is trespass, and not case.

APPEAL from Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This suit was brought by L. J. Allen, the appellee, against J. S. Ryall. The complaint was as follows: "The plaintiff claims of the defendant the sum of $125 damages for that plaintiff avers and says that on or about the first day of November, 1901, and at divers and sundry times thereafter, before the commencement of this suit, the defendant's cattle and stock, consisting of horses, mules, hogs, goats and a large herd of cattle, entered into and upon plaintiff's lands, where he had a crop growing and unharvested, and destroyed plaintiff's crop of cotton, hay and melilotus which was then grow-

ing on said land, to plaintiff's damage to said amount of $125; and plaintiff avers that said defendant, as the owner of said cattle and stock, voluntarily permitted same to run at large off his own premises, at which time specified and while said defendant is the owner of said cattle and stock, voluntarily permitted them to go at large, the said cattle and stock entered upon said land of said plaintiff and tread down and destroyed plaintiff's crops, as aforesaid, on said lands; and plaintiff avers that said lands so trespassed upon lie within the limits of Spring Hill stock district, a district within which it is unlawful for stock of any kind to run at large."

(2.) "The plaintiff claims of the defendant $125 damages for a trespass by the defendant's knowingly permitting his cattle to run at large and trespass upon his tract of land, to-wit, the west half of south half of section 14, township 17 range 3, situated in Marengo county, belonging to plaintiff. And said cattle and stock, while so trespassing, destroyed for plaintiff the following personal property: 9 tons of hay; 1500 seed cotton; 1 bale cotton and twenty-five dollars injury to melilotus crop; on or about the first day of November, and at divers and sundry times thereafter before the commencement of this suit. And plaintiff avers that said lands so trespassed upon lie within the limits of the Spring Hill stock district, Marengo county, Alabama, a district in which it is unlawful for stock of any kind to run at large."

The defendant demurred to the complaint, assigning the following grounds of demurrer: 1st. "Because the first count fails to show that any complaint was made before a justice of the peace as required by section 2116 of the Code." 2nd. "Because said count fails to show that any complaint was made before a justice of the peace, and that damages were assessed as provided by section 2117 of the Code." 3rd. "Because said count is a suit to recover statutory liability, and fails to pursue the remedy provided by the statute." 4th. "Because said count is a suit for damages under a special act for Marengo county, or certain parts of Marengo county in Acts 1892, 1893, page 492, which act provides its own liability under the statute, and a remedy for the enforcement of the same; a totally different remedy from the one

[Ryall v. Allen.]

sued for in said count." Defendant also demurred to the second count of the complaint, and to the complaint as a whole, assigning the same grounds of demurrer.

Demurrers were overruled, and, thereupon, the defendant plead the general issue, and also, the following special pleas: 1st. "For further answer the defendant says, the plaintiff has altogether failed to make any complaint before a justice of the peace of the said Spring Hill Beat of the said alleged trespass of defendant's stock, as is required by section 2116 of the Code." 2nd. "That prior to the bringing of this suit, plaintiff has altogether failed to comply with Chapter 51 of the Code of Alabama, which said chapter provides the sole remedy for the recovery of damages for stock trespassing upon the lands of others than the owners of said stock, enclosed by a lawful fence or within a stock district wherein it is unlawful for stock to run at large." 3d. "The damages claimed by the plaintiff are not provided for by the statutes of the Code, or by the Acts of 92-93." 4th. "That prior to the bringing of this suit, the plaintiff has in no way complied with Sec. 2117 of the Code of Alabama." 5th. "Damages claimed by the plaintiff are not the damages assessed against defendant in favor of plaintiff, as required by Sec. 2117 of the Code of Alabama." 6th. "The plaintiff has a full and complete remedy under acts of 92-3, p. 492." The plaintiff demurred to the special pleas, alleging as grounds of demurrer that the pleas "Are no answer to the complaint" and that "The pleas present an immaterial issue." Demurrer to the special pleas was sustained.

The evidence, ruling of the court thereon, and exceptions thereto are sufficiently shown in the opinion. There was judgment for plaintiff, from which the defendant appealed.

CANTERBURY & GILDER, for appellant.

MILLER & HERBERT, contra.

HARALSON, J.—Every man at common law was bound to keep his cattle within his own enclosure, and failing, if they escaped and trespassed on the lands of

[Ryall v. Allen.]

another, the owner was liable for the resulting damage. But, that rule does not prevail in this State. Under our estray statutes, he, who would seek protection against animals running at large, must enclose against them by lawful fence. Section 2115 of the Code provides, that if any stock trespass upon lands enclosed (by lawful fence), or embraced in a district in which stock is by law prohibited from running at large, the owner of such stock must pay the damages, and for each trespass after the first, double damages.

Each of the counts in the complaint is in trespass for damages to plaintiff's crops by defendant's stock running at large, entering upon plaintiff's lands and destroying his crops growing thereon, and each avers that said lands so trespassed upon lie within Spring Hill stock district, in which it is unlawful for stock of any kind to run at large. This, if true, sustains and was the adoption of the common law rule, under which, "Whoever permitted his cattle to go at large, off his premises, if they escaped or strayed on the premises of another, within the designated part or district, became liable for all damages done by them."—*Joiner v. Winston,* 68 Ala. 132.

It is true, that section 2116 of the Code provides that "Upon complaint made before any justice of the precinct, he must immediately issue an order in writing to three disinterested householders of the neighborhood not related to either of the parties, reciting the complaint and directing them to examine the fence," etc. This section has reference to enclosures by a lawful fence, and the remedy provided is not exclusive of any other remedy for stock trespassing upon lands of one, other than the owner. This action is not brought under the chapter of the Code relating to "Fences," but is for trespass by stock on lands "Embraced in a district in which such stock is by law prohibited from running at large," in which case "The owner of such stock must pay the damages."—Code, § 2115. Nor is it brought under the provisions of the act of 1892-3, p. 492, "To prevent stock from running at large in certain parts of Marengo county." That act provides no remedy except by empounding and selling the stock under prescribed conditions.

The complaint in this case is a substantial copy, *mutatis mutandis,* of the complaint in the case of *Joiner v. Winston, supra;* and from what has been said, it will appear that the demurrer to the complaint was properly overruled.

The defendant filed seven pleas; the first was the general issue, and the others special pleas, each of which set up as a defense the matters wherein it was objected the complaint was insufficient. None of these pleas was good, but the demurrers thereto were general. The statute declares, "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."—Code, § 3303. The demurrers were, "That said pleas are no answer to the complaint;" 2nd, "That they present an immaterial issue." The trial court should have overruled these general assignments of demurrer, and put the plaintiff to specific assignments, or failing that, to issue on the plea.—*Milligan v. Pollard,* 112 Ala. 465, 466 ;*Tranum v. Drum,* 112 Ala. 277 ; *Moore v. Meineke,* 119 Ala. 634.

Inasmuch, however, as it plainly appears that these pleas could not have been amended, so as to make them good pleas, the technical error of the court in sustaining general assignments of demurrer to them, was without legal injury to the defendant.—2 Mayfield's Dig. pp. 176-178.

When plaintiff was being examined as a witness in his own behalf, he was asked by his counsel, "What amount of cotton was destroyed by defendant's stock? What was the value of your mellilotus destroyed by defendant's stock?" Both questions were objected to on the same ground, in substance, that they called for the opinion and conclusion of the witness, which objections were severally overruled. In this there was no error. The questions called for facts, which, if within the knowledge of the witness, he was competent to answer.

It was open to the jury under the evidence to find that the defendant voluntarily or knowingly permitted his stock to run at large and trespass on plaintiff's land, as is averred in the two counts of the complaint; and that

their running at large and trespassing on plaintiff's lands was not the result of mere negligence, and, therefore, trespass and not case was the proper remedy.—4 Mayfield's Dig. 953, § 23. The general charge for defendant was properly refused.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.