(77 South. 690)

## FUQUA v. SOUTHERN RY. CO.
### (6 Div. 674.)

(Supreme Court of Alabama. Jan. 17, 1918.)

1. PLEADING ⊂⊃20 — PLEA IN ALTERNATIVE— SUFFICIENCY.

A plea is no stronger than its weakest alternative averment.

2. RAILROADS ⊂⊃439(8) — ACTIONS FOR INJURING STOCK — PLEADING—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to cattle struck by a railroad engine, a plea, alleging that plaintiff's agent or servant in charge of the cattle negligently allowed them to go upon or remain on the railroad track without first ascertaining that the train was approaching, and that as a proximate consequence of such negligence the cattle were run upon and killed or injured, was faulty, in that it characterized as negligence an act or omission that may or may not have been negligent when measured by the legal standard of reasonable care.

3. RAILROADS ⊂⊃439(8)—ACTIONS FOR INJURING STOCK—PLEADING—CONTRIBUTORY NEGLIGENCE.

In such action a number of grounds of demurrer to the pleas of contributory negligence held not well taken.

4. RAILROADS ⊂⊃439(8) — ACTIONS FOR INJURING STOCK — PLEADING—CONTRIBUTORY NEGLIGENCE.

A plea alleging that plaintiff's agent or servant was driving the cattle along the railroad track or along the road and negligently drove them on the track, and as a proximate consequence they were killed, and that he negligently failed to first ascertain whether a train was approaching on the track before driving them thereon, was defective, in that it omitted to allege that his alleged negligent act was an act within the line or scope of his employment.

5. PLEADING ⊂⊃208—DEMURRER—SPECIFICATION OF GROUNDS.

Under Code 1907, § 5340, providing that no objection can be taken or allowed to a pleading which is not distinctly stated in the demurrer, plaintiff could take nothing on account of a defect in a plea not specified in the demurrer.

6. RAILROADS ⊂⊃439(8)—ACTIONS FOR INJURING STOCK—PLEADING—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to cattle struck by a railway engine, a plea, alleging that plaintiff's servant negligently drove the cattle on the track, and as a proximate consequence they were killed or injured, and that he negligently failed to ascertain whether a train was approaching before driving the cattle on the track, sufficiently alleged negligence in omitting to ascertain whether a train was approaching before he drove the cattle on the railroad.

7. RAILROADS ⊂⊃439(8)—ACTIONS FOR INJURING STOCK—PLEADING—CONTRIBUTORY NEGLIGENCE.

A plea alleging contributory negligence, in that plaintiff's agent or servant, while acting in the line or scope of his employment, negligently drove the cattle along or on the railroad track, and as a proximate consequence of such negligence they were run upon and killed or injured, was sufficient.

8. RAILROADS ⊂⊃421—INJURIES TO ANIMALS ON TRACK—CONTRIBUTORY NEGLIGENCE.

It was not the absolute duty of plaintiff's servant to drive the cattle off the track if he saw them thereon, the law only requiring that he should exercise the care, prudence, and diligence that an ordinarily prudent man would have exercised under the circumstances.

9. APPEAL AND ERROR ⊂⊃1064(1)—HARMLESS ERROR—INSTRUCTIONS.

An instruction, placing the absolute duty on the servant to drive the cattle off the track if he saw them thereon, and directing a verdict for defendant if he failed to do this and if his negligence in so failing proximately contributed to the injury and death of the cattle, was necessarily highly prejudicial to plaintiff.

10. RAILROADS ⊂⊃442(7) — INJURIES TO ANIMALS ON TRACK—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In the absence of evidence tending to show that the servant drove the cattle on the railroad on the occasion of their injury, evidence tending to show that on previous occasions he had driven cattle on the railroad at the same point was not admissible, especially where it was not shown that in so doing he was engaged in plaintiff's service.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by J. E. Fuqua against the Southern Railway Company, for damages for injury to stock. Judgment for defendant, and plaintiff appealed. Reversed and remanded.

The complaint contains two counts, one for negligent injury, and the other for conversion of certain cows alleged to belong to plaintiff. The following are the pleas interposed:

(2) Plaintiff himself was guilty of negligence proximately contributing to cause the alleged damages in this: His agent or servant was in charge of the cattle alleged to have been killed or injured, and, while acting within the line and scope of his employment, negligently allowed said cattle to go upon or remain upon defendant's railroad track without first ascertaining that the train was approaching, and as the proximate consequence of said negli-

gence said cattle were run upon and killed or injured by one of defendant's trains.

(3) Contributory negligence in this: Plaintiff's agent or servant was driving said cattle along the railroad track, or along the road, and negligently drove said cattle upon defendant's railroad track, and as a proximate consequence said cattle were killed or injured. Defendant avers that said agent or servant negligently failed to first ascertain whether a train was approaching on defendant's track before driving said cattle on defendant's track.

(4) Contributory negligence in this: Plaintiff's agent or servant, while acting in the line or scope of his employment, negligently drove said cattle along or on defendant's railroad track, and as a proximate consequence of said negligence said cattle were run upon and killed or injured.

The demurrers were as follows:

The facts alleged do not amount to contributory negligence. Pleas do not purport to answer the whole count to which addressed. Purporting to answer the whole count, the facts alleged do not do so. It is not negligence to drive cattle across a railroad track. It does not appear that said agents did the act complained of with the consent of plaintiff. It is not alleged that said servant drove said cattle onto said track in dangerous proximity to an approaching train. It is not alleged that said servant could have controlled the movements of said cattle. The mere driving of cattle on a railroad track is not negligence. The mere inability to cause cattle to leave a railroad track was not negligence. Cattle may be driven where they may lawfully roam.

Allen, Bell & Sadler, of Birmingham, for appellant. J. T. Stokely, of Birmingham, for appellee.

McCLELLAN, J. Action for damages for injuries to animals resulting from negligence of employés of the appellee (defendant) in the operation of a locomotive on appellee's railway. A number of head of cattle belonging to the appellant (plaintiff) were injured. Besides the general issue, defendant interposed three pleas which, with the demurrers, will appear in the report of this appeal. No brief for the appellee has been filed in this court.

[1-6] Aside from the legal effect of the fact that a plea is no stronger than its weaker alternative averment (Jordan v. Ala. City, etc., Ry. Co., 179 Ala. 291, 60 South. 309; Shahan v. Brown, 179 Ala. 434, 60 South. 891, 43 L. R. A. [N. S.] 792; Union Cemetery Co. v. Jackson, 188 Ala. 599, 603, 65 South. 986), plea 2 was faulty in assuming to characterize as negligence an act or omission that may or may not have been negligent when measured by the standard the law recognizes and applies, viz. what reasonable care, prudence, or diligence would have suggested and required of one circumstanced as this servant was, in charge of these animals, in the discharge of his duty in the premises. This fault in the plea was not specified in the demurrer, as our statute requires. Code, § 5340. As readily appears, none of the grounds of demurrer were well taken. In

view of the reversible error to be noted, it is not amiss to observe that the evidence in the present record affords no support for the first alternative averment in plea 2. As asserted in the brief for appellant, plea 3 was defective because it omitted the averment that the agent's or servant's alleged negligent act was an act within the line or scope of his employment. This fault was not specified in the demurrer (Code, § 5340), and hence the appellant can take nothing on that account. While plea 3 is not otherwise as well drawn as it might be—doubtless it should be recast before the retrial to which the cause must be remanded—it does sufficiently aver negligence on the part of the servant in omitting to ascertain whether a train was approaching before he drove the cattle on the railroad.

[7] Plea 4 is unobjectionable; and the demurrer was properly overruled. There the allegation is that the animals were driven along the defendant's track.

[8, 9] The court erred in giving to the jury, at defendant's request, this special charge:

"(9) The court charges the jury that if they find the [that] Molton Fuqua saw the cattle upon the track, then it was his duty to immediately drive them off the track, and if he could have done so and failed to do so, this was negligence, and if this negligence proximately contributed to the injury and death of the cattle in such way that they would not have been injured if he had immediately driven them off, then they will find for the defendant."

This instruction placed an absolute duty upon young Fuqua of driving the cattle off the track, and predicated the conclusion of negligence on his part upon his failure to have done so, if he could, by any means or at any hazard, have accomplished this before the cattle were injured. In the circumstances hypothesized in the charge all the law required of this servant was that he should have exercised the care, prudence, and diligence an ordinarily prudent man would have exercised under like circumstances. By exacting too high a duty of this agent of the plaintiff, this instruction was necessarily highly prejudicial to the plaintiff.

[10] In the absence of evidence tending to show that young Fuqua drove these cattle on the railroad of the defendant on this occasion, it was not proper to admit evidence tending to show that on previous occasions he had driven cattle on the defendant's railroad at the point where the plaintiff's cattle were injured, especially when it was not shown that in so doing young Fuqua was at the time engaged in the service of this plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.