(82 South. 112)

Ex parte FOWLER.   (6 Div. 910.)*

(Supreme Court of Alabama.   May 22, 1919.)

ANIMALS ⬧97—TRESPASSING—LIABILITY OF OWNER—STOCK-LAW DISTRICT.

Under Code 1907, § 4251, owner of cow was liable for damage committed by cow to garden in stock-law district, regardless of whether he was a resident of such district or was negligent in permitting cow to wander therein.

Certiorari to Court of Appeals.

Ex parte petition by Mrs. R. J. Fowler for certiorari to Court of Appeals. Writ granted. Judgment of Court of Appeals reversed, and cause remanded to Court of Appeals.

Goodwyn & Ross, of Bessemer, for appellant.

G. P. Benton, of Bessemer, for appellee.

McCLELLAN, J. Petition for certiorari to the Court of Appeals to revise the action of that court in predicating error of the ruling of the circuit court upon demurrer to the complaint. The Court of Appeals attained its stated conclusion, reversing the judgment from which the appeal was taken, as upon the objections taken in grounds 4 and 10 of the demurrer. These grounds read:

"(4) Does not allege the defendant is a resident of the said stock-law district, or was in said district at the time of the wrongs alleged in said complaint."

"(10) For aught that appears the defendant may have been a resident of another district

---

wherein it was permissible to permit stock to run at large, and the said stock may have been permitted to run loose in said district and wandered into the said stock-law district."

Omitting presently unimportant features of the complaint, it is as follows:

"(1) The plaintiff claims of the defendant $20 damages done by the defendant's yellow and white spotted milch cow, to wit, during months of August and September, 1916, in the plaintiff's garden in the town of Brighton, a stock-law district in Jefferson county, Ala., which said damages are more particularly set out as follows: * * *

"And the plaintiff claims a lien on said cow for the satisfaction of said damages and charges."

In substance and effect the objection sought to be pointed by the quoted grounds of the demurrer was that the complaint improperly omitted the essential averment that the defendant was a resident of the stock-law district in which the cow committed the damage complained of. The application of the pertinent, long-accepted doctrine of the decision in Joiner v. Winston, 68 Ala. 129, 132, 133 (later accurately interpreted in Ryall v. Allen, 143 Ala. 222, 226, 38 South. 851), and the provisions of Code, § 4251, requires the conclusion that the complaint is not subject to the fourth and tenth grounds of the demurrer, quoted ante. The allusion in the closing paragraph of the opinion in the Ryall-Allen Case to "mere negligence" was in entire accord with the doctrine of Joiner v. Winston, and expresses the sound view that plaintiff's remedy was in trespass, not in case, where negligence in the exercise of a right is the pith of plaintiff's claim.

The decision in Jones v. Hines, 157 Ala. 624, 47 South. 739, turned upon the effect of the municipal act of October 1, 1903, and an ordinance consistent therewith, in which an impounding of the offending animals was the remedy prescribed, the court affirming on the terms of these enactments that no personal liability upon the owner residing outside the municipality was imposed by either of these enactments. This deliverance is not opposed to the doctrine of Joiner v. Winston or Ryall v. Allen, neither of which decisions was taken into account in the opinion in Jones v. Hines, supra. If the animal wanders or strays from without a stock-law district into a stock-law district and depredates upon property within the stock-law district, the owner, wherever resident, is liable therefor, regardless of the presence or absence of negligence on his part. Code, § 4251. If the owner residing outside the stock-law district would avoid liability for depredations committed by his cattle within a district, he must restrain his cattle. Otherwise, to appropriate the apt observation in Joiner v. Winston:

"The statute would but ill accomplish its purposes if it protected the owner or occupier of lands from the trespasses only of cattle owned by those residing within the district, requiring him to fence against, or submit to the trespasses of, the cattle of owners residing in adjoining districts. The designated district would be converted into common pasture for all, except those residing within it."

The writ is granted. The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals.

Writ granted.

All the Justices concur.