(116 So. 112)

### KAPLAN v. SERTELL. (6 Div. 107.)

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied April 12, 1928.

**1. Master and servant ⚖➡401—Complaint for alleged breach of common-law duty to furnish safe tools should aver facts bringing case within exceptions to Workmen's Compensation Law.**

Complaint in action for personal injuries, founded on alleged breach of common-law duty to furnish reasonably safe tools for servant's use, should aver facts which bring it within one of the exceptions of Workmen's Compensation Law (Acts 1919, p. 206).

**2. Master and servant ⚖➡401—Complaint alleging failure to furnish safe tools, omitting averments showing case was within exceptions of Workmen's Compensation Law, held demurrable.**

Complaint in servant's action for personal injuries, founded on alleged breach of master's common-law duty to furnish reasonably safe tools for servant's use, which omitted averments which brought case within one of the exceptions of the Workmen's Compensation Law (Acts 1919, p. 206), *held* demurrable.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by Peter Sertell against A. J. Kaplan. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Count 3 of the complaint is as follows:

"Plaintiff claims of the defendant the sum of, to wit, $10,000 as damages, for that heretofore, on, to wit, the 4th day of August, 1924, the defendant was engaged in the business of operating a meat market in the city of Birmingham, Jefferson county, Ala., and in and about the operation of said meat market had or possessed for use by his employees in said meat market, to wit, certain tools or instrumentalities with which to cut meat. And plaintiff avers that on, to wit, said day last aforesaid, he was employed by defendant in said meat market as a butcher, and on said day while plaintiff was engaged in the duties of his said employment, to wit, cutting what is called a soup bone with a cleaver or meat knife, which was one of the tools or instrumentalities fur-

nished by defendant for use by his said employees in said meat market, which cleaver or meat knife was then and there defective and not reasonably safe and suitable for the purposes so furnished, plaintiff's left arm or wrist was cut by said cleaver or meat knife and he was injured and damaged as set forth in the first count of the complaint. And plaintiff avers that his said injuries and damages were caused as a proximate consequence of the negligence of the defendant, which negligence consisted in this: The defendant negligently failed to provide plaintiff with a reasonably suitable and safe cleaver or meat knife with which to perform the duties of his said employment."

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

In a common-law action for damages for failure of the employer to furnish reasonably safe tools and appliances, the complaint must negative applicability of the Workmen's Compensation Act. Steagall v. Sloss, etc., Co., 205 Ala. 100, 87 So. 787.

Altman, Taylor & Koenig, of Birmingham, for appellee.

Where averment of facts improperly omitted from the complaint is indisputably proven, the overruling of demurrer to the complaint pointing out the omission of facts improperly omitted from the complaint renders the erroneous overruling of the demurrer innocuous to defendant. Birmingham Southern R.' Co., v. Goodwyn, 202 Ala. 599, 81 So. 339.

BOULDIN, J. [1] The action is for personal injuries and founded upon alleged breach of the common-law duty of the master to furnish reasonably safe tools for the use of his servant.

Injuries in such cases are presumed to come under the Workmen's Compensation Law (Acts 1919, p. 206). The complaint should aver facts that take the case without the Compensation Law, or, otherwise stated, bring it within one of the exceptions thereto. Steagall v. Sless-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787.

[2] Count 3 of the complaint, the count upon which the case was tried, is set out in the report of the case. It entirely omits such averments. Apt demurrer pointing out this defect was overruled. This was error. Appellee seeks to avoid a reversal by invoking the doctrine of error without injury, in that the undisputed proof showed less than 16 employees were regularly employed in the business.

We do not think the record supports this contention. Plaintiff testified six or seven men were working with him in the business, but further on his testimony indicates this included only the meat cutters using the same tools. Nowhere do we find stated the number of employees in this business. Having been

eliminated as an issue by ruling on the demurrer, the question seems not to have been considered on the trial, nor was it submitted to the jury.

We therefore need not determine whether an omission of this sort in the complaint, one going to the existence of the cause of action presented therein, can be cured by evidence.

Other questions presented may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE' and GARDNER, JJ., concur.