209 So.2d 210

**Charles E. CAFFEE**

**v.**

**Robert DURRETT et al.**

**6 Div. 306.**

Supreme Court of Alabama.

Jan. 18, 1968.

Rehearing Denied April 11, 1968.

Corretti, Newsom & Rogers, Birmingham, for appellant.

McCollough & McCollough, Birmingham, for appellees.

PER CURIAM.

Appellees recovered judgment in the Circuit Court of Jefferson County in an action (Count A) for legal fraud (Title 7, §§ 107 and 108, Code 1940) with respect to the sale of some real property which appellees purchased through the alleged agency of appellant.

Assignments of Error 1 and 7 are jointly argued and are as follows:

"1. For that the Court erred in overruling the Defendant's Demurrer to the Plaintiff's Complaint, as amended.

"7. For that the Court erred in overruling Appellant's Demurrer to the Complaint, as finally amended."

The demurrer is predicated on numerous grounds. There is no sufficient reference and argument pertaining to these assignments to designate the ground or grounds relied on in appellant's demurrer. This court is not obligated to cast about among the several grounds in an effort to find the ground or grounds to which appel-

lant might have had reference in his brief. Therefore, nothing is presented for review under these assignments. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133.

Assignments of Error 2 and 4 are as follows:

"2. For that the Court erred in refusing to grant the Appellant's Motion for a New Trial.

"4. For that the Court erred in failing to give the Appellant's written requested Charge No. 20 which reads as follows:

" 'The Court charges the jury that actual damages are real, substantial and just damages, or the amount award (sic) to a plaintiff in compensation for his actual and real loss or injury, as opposed on the one hand to "Nominal" damages and on the other hand, exemplary or punitive damages. In the event the jury should find from all the evidence that plaintiffs have not sustained actual damages, then your verdict should be for the defendant, Charles E. Caffee, and against the plaintiffs."

With respect to Assignment of Error 2, supra, appellant refers to ground 20 of the motion for a new trial. This ground in substance asserts that the case should not have gone to the jury on punitive damages. To the same effect is the Refused Charge 20 set forth in Assignment 4, supra.

Appellant in his brief says that Assignments of Error 3, 4, and 6, which we will not set out, "deal with a lack of or an insufficiency of evidence upon which to support the verdict and judgment."

The record before us contains 281 pages of testimony adduced from nine witnesses, including appellees. Appellant's "Statement of the Facts" covers only one and one-fourth pages in his brief.

In view of the fact that appellant's brief fails to narrate the evidence in compliance with Rule 9 of the Revised Rules of the Supreme Court, effective June

1, 1955 (Cumulative Pocket Part, Title 7, Code 1940; 261 Ala., XXII), we will not consider Assignments of Error 2, 3, 4, 5 and 6, supra. The meager evidence narrated does not justify us in holding that the trial court committed error according to these assignments. We adhere to the presumption that the record contains sufficient evidence supporting punitive damages which might have been included in the verdict of the jury, and that the ruling of the trial court on this fact is correct. Standard Oil Company v. Johnson, 276 Ala. 578, 165 So.2d 361; Evergreen Heading Company v. Skipper, 276 Ala. 623, 165 So.2d 705.

It is to be noted that the jury returned a verdict for plaintiffs in the sum of $2,800. The trial court, on motion for a new trial, held that the verdict was excessive to the extent of $800; also that the motion for a new trial be granted unless the plaintiffs file a remittitur for $800. Plaintiffs filed the remittitur as ordered.

The judgment of the trial court is due to be affirmed; it is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Affirmed.

LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.

On Rehearing

PER CURIAM.

 Appellant argues that the complaint (Count A, the only one submitted to the jury) is subject to Ground 7 of his demurrer. This ground "For that the plaintiff's complaint fails to state a cause of action." is general. We will not put the trial court in error on this ground for overruling the demurrer. § 236, Title 7, Code 1940; United Ins. Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125; 16 Ala. Digest Pleading ☞221.

It was not necessary to claim punitive damages in Count A. Sparks v. McCrary, 156 Ala. 382, 47 So. 332, 22 L.R.A., N.S., 1224; Black v. Hankins, 6 Ala.App. 512, 60 So. 441; Birmingham Waterworks Co. v. Brooks, 16 Ala.App. 209, 76 So. 515. We also observe that appellant did not except to the court's oral charge on the question of punitive damages.

Application for rehearing is overruled.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Application overruled.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.