243 So.2d 673

Fred JOHNSON, as Administrator, Etc.

v.

Grady RALLS.

3 Div. 409.

Supreme Court of Alabama.

Nov. 12, 1970.

Rehearing Denied Feb. 4, 1971.

James M. Prestwood, Andalusia, for appellant.

Brooks, Garrett & Thompson, Brewton, for appellee.

PER CURIAM.

On Rehearing

The original opinion in this case is withdrawn and this opinion is substituted therefor.

Plaintiff appeals from a judgment of voluntary nonsuit entered by the Circuit Judge of Conecuh County who overruled plaintiff's demurrer to defendant's Plea Two which hereinafter appears. Title 7, § 819, Code of Ala., Recompiled 1958.

Appellant sued at law in his fiduciary capacity as administrator of the estate of J. C. Johnson, deceased, to recover damages of appellee under the Homicide Act. Title 7, § 123, Code of Ala., Recompiled 1958. The action is based on alleged negligence of defendant, acting through a servant or agent, in causing the death of appellant's intestate. There are five counts in the complaint. We briefly refer to each count.

Count 1 charged the defendant with simple negligence in running a truck, operated by his agent or servant, against plaintiff's intestate, J. C. Johnson, thereby proximately causing his death. There is no allegation in this count that the deceased was at the time an employee of defendant. Nor is there any allegation, as in the other four counts, that plaintiff's intestate left no dependents at the time of his death or demise.

Count 2, an amendatory count, alleges the death of plaintiff's intestate by the negligent operation of a truck, driven at the time by an agent or servant of defendant. It is averred that the agent or servant operated the truck against plaintiff's intestate while he was riding as a passenger on another truck and that he was thereby killed. It is alleged that deceased left no dependents.

Count 3 alleges death of plaintiff's intestate by the negligent operation of a motor truck driven at the time by defendant's agent or servant against an automotive truck, belonging to defendant in which plaintiff's intestate was a passenger. It is alleged that said truck driven by said agent or servant had faulty brakes which was known to defendant. It is averred that the relationship of master and servant existed between said intestate and defendant. Also, it is alleged in this count that said intestate had no dependents at the time of his injury and demise.

Count 4 alleges that plaintiff's intestate was an employee of defendant, who was a contractor engaged in highway construction, and while said intestate was a passenger on one of defendant's trucks, then operated by defendant, another employee of defendant, while operating another truck owned by defendant, and used by defendant in the performance of his highway contract, negligently operated the "other truck" and caused the same to run over or against plaintiff's intestate, who suffered injuries that caused his death. We note that the relationship of employer and employee between said intestate and defendant is alleged to have existed at the time. It is also alleged in this count that said intestate had no dependents at the time of his injury and demise.

Count 5 alleges that plaintiff's intestate was an employee of defendant, who as a contractor, was engaged in highway construction, and did furnish to another of his employees an automotive truck which had defective brakes, and which condition was known to defendant, and while intestate was a passenger on another of defendant's trucks, then being operated by defendant himself, the employee of defendant who was operating the defendant's truck which had the faulty brakes, did so negligently operate said truck, at the construction site, as to cause the same to run against or over plaintiff's intestate, who suffered serious bodily injuries from which he died. It is alleged that said death was caused by the coalescing negligence of defendant in furnishing the vehicle with faulty brakes. It is also here alleged that the intestate had no dependents at the time of his injury and demise.

Defendant filed a plea to the complaint as amended and to each count thereof. This plea reads as follows:

"1. Not guilty. [It is to be noted that this plea was later withdrawn.]

"2. At the time and place complained of plaintiff's intestate was and [sic] employee of defendant, Grady Ralls, acting within the line and scope of his employment as such employee; that both the plaintiff's intestate and the defendant, Grady Ralls were at said time and place subject to the Workmen's Compensation Law of the State of Alabama, wherefore the plaintiff cannot recover in this suit."

Plaintiff demurred to Plea Two as follows:

"1. Plea No. Two states no defense to complaint of plaintiff.

"2. Plea No. Two is defective because it does not allege the deceased J. C. Johnson was survived by dependents entitled to compensation.

"3. There is an absence of averment in said Plea No. Two that plaintiff's intestate left surviving him dependents who are entitled to compensation under the Workmen's Compensation Act.

"4. Plea No. Two states no defense to the action brought under the homicide Statute of Alabama.

"5. Plea No. Two states no defense to the action brought under the employer's liability act of Alabama.

"6. Plea No. Two states merely conclusions of the defendant."

The trial court overruled the foregoing demurrer. Thereupon, plaintiff declined to plead further, took a voluntary nonsuit, and here seeks a review of the action of the court in overruling the demurrer to said Plea No. Two. Such review is predicated on two related assignments of error as follows:

"1. The trial court erred in overruling plaintiff's demurrer to defendant's Plea No. Two. * * *

"2. The trial court erred in overruling plaintiff's demurrer to defendant's Plea No. Two and thereby superinducing a non-suit of the plaintiff's case. * * *"

■ Grounds one, four, five and six of plaintiff's demurrer are general and present nothing for review. Title 7, § 236, Code of Ala., recompiled 1958; Evitt v. Lowery Banking Company, 96 Ala. 381, 11 So. 442(1); Ryall v. Allen, 143 Ala. 222, 38 So. 851(3); Fuqua v. Southern Ry. Co., 201 Ala. 164, 77 So. 690(5); Caffee v. Durrett, 282 Ala. 71, 209 So.2d 210(4); 16 Ala.Dig., Pleading 201; Suell v. Derricott, 161 Ala. 259, 49 So. 895(18).

■ This leaves for consideration the efficacy of Grounds two and three, supra. We again here note that Counts one and two make no reference to any employer and employee relationship between the intestate and defendant at the time of the alleged impact between the trucks. Counts three, four, and five do allege such relationship. However, Plea Two, supra, alleges that at the time and place complained of, plaintiff's intestate was an employee of defendant. This averment, addressed to all the counts, presents a factual issue for the first two counts that the relationship existed. All the other counts contain the averment.

■ We have held that injuries to an employee, where the relation of employer and employee exists, presumably come under the Workmen's Compensation Statutes. W. B. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772, 774(6, 8). If a complaint filed by an employee against his employer should be interpreted to state an action ex delicto, it would be defective in failing to aver facts that take it without The Compensation Law. Davis v. Ruple, supra, (6, 8). See also Kaplan v. Sertell, 217 Ala. 413, 116 So. 112(2), where suit was filed against the master by the servant for personal injuries and founded upon breach of a common law duty of the master to furnish safe tools for use of his servant. There this court observed:

"Injuries in such cases are presumed to come under the Workmen's Compensation Law. * * * The complaint should aver facts that take the case without the Compensation Law, or, otherwise stated, bring it within one of the exceptions thereto. Steagall v. Sloss-Sheffield Steel & Iron Company, 205 Ala. 100, 87 So. 787."

Plaintiff, in an effort to meet the mandate that he aver facts bringing his intestate within the exceptions, averred in all counts except Count 1 that his intestate had no dependents. He argues in his brief that such absence of dependents brought him within the exceptions and permitted pursuit of damages under the Homicide Act, supra. We pretermit deciding whether this averment brought him within the exception.

Plea Two, addressed to plaintiff's complaint as amended and to each and every count thereof, averred, as we have already noted, that plaintiff's intestate was an employee of defendant at the time and place complained of, and was acting within the line and scope of his employment as such employee. Grounds two and three of plaintiff's demurrer, supra, challenge the sufficiency of this plea because it fails to aver that such intestate was survived by or

left dependents who are entitled to compensation under the Workmen's Compensation Act.

The effect of such an averment in the plea, as raised by Grounds two and three of the demurrer, would be to deny plaintiff's averments in each of Counts 2, 3, 4, and 5, that the defendant had no dependents. Plaintiff by these two grounds of demurrer simply demurs on the ground that defendant failed to deny or join issue on the averments that there were no dependents.

■ Defendant had an option to demur to the complaint, and each count thereof, plead thereto, or join issue. A demurrer as here interposed was unavailable to plaintiff to compel defendant to join issue or deny the averments in the complaint that there were no dependents. He elected to plead by averring the existence of employer and employee relationship between the two.

■ But Counts 1 and 2 contain no averment that the relationship of master and servant existed between plaintiff's intestate and defendant at the time of the alleged injuries that allegedly caused the death of said intestate. This omission is supplied by Plea Two. The effect of such averment, when proved, is to impose on plaintiff the duty to aver facts which would bring this case within the exceptions of The Workmen's Compensation Law. Kaplan v. Sertell, supra; Steagall v. Sloss-Sheffield Steel & Iron Company, 205 Ala. 100, 87 So. 787. If an averment that no dependent existed was sufficient to bring the case within an exception of the said Workmen's Compensation Law, then it was incumbent on plaintiff to make the averment in said Count 1. There was no duty or responsibility on defendant to aver in said Plea Two that there were dependents, thereby relieving plaintiff of the responsibility to aver in Count 1 that there were no dependents, thus bringing this count within an exception to the said Compensation Law if such was the effect.

Plaintiff cannot escape such responsibility by such an expedient.

■ Plaintiff was content to take a voluntary nonsuit and appeal here to review the ruling of the trial court on the demurrer. This ruling was free of error.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

The original opinion is withdrawn and this opinion is substituted.

Application for rehearing denied.

The judgment is affirmed.

SIMPSON, COLEMAN, and McCALL, JJ., concur.

BLOODWORTH, J., concurs in result.

MADDOX, J., concurs specially.

MADDOX, Justice (concurring specially).

I concur in the result reached, but I would affirm the lower court on the merits. From the pleadings in this matter it is apparent, in my judgment, that the parties were framing this issue:

"Can a personal representative of a deceased employee who is survived by no dependents maintain an action under our Homicide Statute, when the employee's death arose out of his employment and there was coverage under the provisions of the Workmen's Compensation Act?"

I believe that the parties successfully presented this issue by the pleadings, and the briefs on appeal argue the issue as above framed. Therefore, I would affirm the trial court on the basis that a personal representative of a deceased employee who is covered under the Workmen's Compensation Act cannot maintain an action under our Homicide Statute against his employer for the employee's wrongful death.

In death damage cases against employers, our Workmen's Compensation Act is exclusive. DeArman v. Ingalls Iron Works, Inc., 258 Ala. 205, 61 So.2d 764 (1952) (dictum); Patterson v. Sears Roebuck & Co., 196 F.2d 947 (5 Cir., 1952); Title 26, § 272, Code of Alabama, 1940 (Recompiled, 1958). This rule is followed in several other states having acts similar to ours. Horney v. Meredith Swimming Pool Co., 267 N.C. 521, 148 S.E.2d 554 (1966) and cases there cited.

Appellant contends that in death cases where there are no dependents, the next of kin of a deceased employee are left without a remedy. Under our statutes, this is presently true, but the wisdom of allowing the personal representative of a deceased employee who leaves no dependents to maintain a wrongful death action against the deceased employee's employer is for the Legislature, not for this Court.

COLEMAN, J., concurs.