153 So. 422

### JACKSON v. UNITED CIGAR STORES. CO. et al.

#### 6 Div. 225.

Supreme Court of Alabama.
March 8, 1934.

A. L. King, of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellees.

FOSTER, Justice.

This is an action brought under the Employers' Liability Act (Code 1923, §§ 7598–7601), and defendant pleaded the applicability of the Workmen's Compensation Act (Code 1923, §§ 7534–7597). If the latter prevails, the former, of course, does not. Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Sloss-Sheffield Steel & Iron Co. v. Greek, 211 Ala. 95, 99 So. 791.

The specific question is whether the defendant "regularly employs less than sixteen employees in any one business" (that is, the one business in which plaintiff was employed). Sections 7543, 7596 (d), Code. If so, it is not under the Workmen's Compensation Act in that business, but the Employers' Liability Act has application. The pleas 6, 7, and 8 are intended to allege facts which show that more than sixteen employees were regularly employed by it in its one business. The demurrer of plaintiff was overruled. They are treated in argument as altogether presenting but one question, and we will so consider them.

They show that the employer operates as one business three stores in Alabama, one each in Birmingham, Montgomery, and Mobile; that the aggregate number of employees in the three stores exceeds sixteen, but that each has less than sixteen, including that which is located in Birmingham, where plaintiff was injured in the course of his employment and arising out of it.

The question is determined by the meaning of the words, "in any one business," as used in the statute in respect to such stores. The employer owned and operated them all, the whole managed from headquarters in Atlanta, Ga. The pleas allege that they all constituted one business. That statement, however, would not be conclusive, if they and the complaint taken together had a different meaning. But when there is a situation where one owner conducts various units of his one business in different places,

it may be that they are properly classed as one business. As we understand the pleas, they show that all the units are engaged in the same character of business, in the same way, and all owned and operated by the same corporation, the only difference being the place of business, with different employees. So considered, they are all units of one business and not separate business enterprises.

On the other hand, a single owner may operate more than one separate and distinct kind, or line of business, so that we think each would be a separate business enterprise. For the owner may, as in La Croix v. Frechette, 50 R. I. 90, 145 A. 314, conduct a drug store at one place in a city, a meat market and grocery business at another, and a manufacturing plant unconnected with them at still a different place. They all would not be the same business.

■ Whether so in any particular case depends upon its own facts. It is not necessary that all the acts respecting one business shall be done at the same place, but all must contribute to that as one independent enterprise. We do not see that it is material whether it is a domestic or foreign corporation, or whether the headquarters may be situated in this or in some other state.

The statute of Rhode Island, referred to in the case above cited, seems to be similar to ours in this respect, but those of other states where similar questions have been considered are materially different. In fact, we get very little help, except to indicate the trend of thought to the general effect that acts of this sort are given a liberal effect to fulfill their purpose and to benefit the largest possible number of people. See on this subject, National Cast Iron Pipe Co. v. Higgenbotham, 216 Ala. 219, 112 So. 734; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626.

■ We think the pleas all considered together are sufficient to show that defendant and plaintiff were under the Alabama Workmen's Compensation Act, and that, therefore, the Employers' Liability Act, on which the suit was based, did not apply. The demurrer to the pleas was, we think, properly overruled. The judgment to that effect is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.