150 So.2d 363

**Albert STANTON**

v.

**J. P. MARSH.**

**4 Div. 70.**

Supreme Court of Alabama.

Feb. 21, 1963.

Fleming & Stephens, Elba, for appellee.

J. Hubert Farmer, Dothan, for appellant.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Coffee County from a nonsuit with a bill of exceptions to review the trial court on the pleadings.

As last amended, the complaint contained one count, designated Count 3, which is in words and figures as follows:

"The plaintiff claims of the defendant the sum of Ten Thousand Dollars ($10,000.00) as damages for that whereas on to wit, the 25th day of March,

1959, and about 2:30 P.M. on said date, the plaintiff was engaged in work of pulling, dynamiting, and removing stumps from and off lands belonging to the defendant located in the Perry Store Community about four (4) miles from Kinston in Coffee County, Alabama, at the instance of one Osco Prescott, who had said lands rented for the year 1959, but under the direction and supervision of the defendant at said time; that while plaintiff was so engaged in said work and at the direction and instruction of the defendant, he was riding on a farm tractor, the property of said Esco Prescott, but being operated at the time by the defendant on said lands; and that at such time and place and on said occasion the defendant so negligently operated said tractor as to cause the plaintiff to be thrown therefrom to the ground, with the left rear wheel of said tractor running over the body of the plaintiff, painfully and seriously injuring him at the time in this: * * *. [Here followed a description of the injuries.]

* * * * * *

"Plaintiff alleges that all of his injuries and damages are the direct and proximate result of the negligence of the defendant as aforesaid; wherefore he brings this suit."

The appellee's demurrer to Count 3 was sustained, whereupon the plaintiff took a nonsuit and appeal to this court.

The complaint as originally filed contained two counts, numbered 1 and 2. Demurrers were interposed to the complaint as originally filed, and to each count separately and severally, and were overruled. The plaintiff amended his complaint by adding Count 3 and striking Counts 1 and 2. Demurrers were refiled to the complaint as amended and the following additional grounds of demurrer assigned to Count 3:

1. For that there is no duty shown running from defendant to plaintiff.

2. For that it is not shown that defendant owed a duty to plaintiff.

3. For that said Count does not state a cause of action against the defendant.

4. Ought [sic] appearing from the complaint, plaintiff assumed the risk of his employment.

5. It appears from the complaint that same is filed under the Workmen's Compensation Law, which does not apply.

6. Ought [sic] appearing from the complaint, plaintiff was a mere licensee on said tractor to whom defendant owed only the duty not to willfully or wantonly injure.

7. Ought [sic] appearing from the complaint said complaint was filed under the provisions of the Employer's Liability Act, which does not apply.

8. It is not shown what duty, if any, defendant owes plaintiff.

9. For that said complaint is vague, indefinite and uncertain.

In respect to the demurrers which were originally filed to Counts 1 and 2, they are either too general, speaking demurrers, or inapt as regards Count 3, because Count 3 is based on a different theory of liability, so that we are relegated to a consideration of the additional demurrers assigned to Count 3.

The only assignment of error is that the trial court erred in sustaining the defendant's demurrer to the plaintiff's amended complaint consisting of one count.

█ This court has repeatedly held that in negligence cases the complaint must allege facts from which a duty of care arises on the part of the defendant. In other words, the relationship of the parties must be stated in order to establish a duty. Without the element of duty, a cause of action is not stated. Levans v. Louisville

& Nashville R. Co., 228 Ala. 643, 154 So. 784; Gilbert v. Louis Pizitz Dry Goods Co., 237 Ala. 249, 186 So. 179.

While Count 3 is not a model of good pleading, the demurrer interposed to it, attempting to point out the defects in it, also leaves much to be desired.

 The question is whether or not sufficient facts have been alleged in Count 3 to require the exercise of due care by the defendant. The complaint alleges that the plaintiff was engaged in work on "lands belonging to defendant * * * at the instance of one Osco Prestcott (a tenant) * * * while under the direction and supervision of defendant." It is further alleged that the plaintiff was riding on the tractor "at the direction and instruction of the defendant," while the tractor was being operated by defendant. These allegations make it clear that the defendant was operating the tractor and that plaintiff was riding on the tractor *"at the direction and instruction"* of the defendant (emphasis added); therefore, the defendant had a duty to use reasonable care not to injure the plaintiff.

All of the elements of the cause of action are sufficiently alleged in Count 3— a duty, breach of that duty, and causal connection, and damages—with the required degree of certainty.

 The appellee contends that for aught appearing the case is brought under the Workmen's Compensation Act or the Employer's Liability Act, and that both are inapplicable.

We think a fair interpretation of Count 3 is that the plaintiff is not alleged to be defendant's employee, which is a prerequisite to coverage by either of the two acts.

Admittedly, the rule in Alabama was reaffirmed in Bell v. Brooks, 270 Ala. 691, 121 So.2d 911, where this court held that in an action by an employee against his employer for injuries, the complaint should conform to the Workmen's Compensation Law or else set up a state of facts showing the inapplicability of the law. This rule, however, is not applicable here, for the complaint shows on its face that the relationship of plaintiff and defendant was not that of employee and employer.

In our opinion, the complaint was not subject to any of the grounds of demurrer interposed to it. The judgment is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.