155 So.2d 598

**Lonnie FLOYD**

v.

**Paul BARRENTINE.**

**4 Div. 161.**

Supreme Court of Alabama.

Aug. 1, 1963.

Don P. Bennett, Dothan, for appellant.

L. A. Farmer, Jr., Dothan, for appellee.

SIMPSON, Justice.

Petition to review a judgment in a workmen's compensation proceeding.

The complaint alleges that appellee was subject to the workmen's compensation laws of Alabama, and that appellant while acting within the line and scope of his employment with appellee suffered an accident which arose out of and in the course of his employment of "shucking" oysters. The injury was described in the complaint as being caused by a puncturing of the skin of the index finger with a particle of an oyster shell, and a piece of said shell lodging therein, causing an infection making necessary the removal of a substantial portion of two phalanges of the finger.

Appellee filed a plea in abatement stating in effect that he hired less than eight employees in his business and had not elected to come within the provisions of the Workmen's Compensation Act as is provided in § 262(D), Title 26, Code of Ala.1940, as amended.

An oral hearing was held on the plea in abatement and the lower court entered a finding that on the date of the accident appellee did not regularly employ as many as eight employees in his business; and that in fact, appellee's operations were not to be considered as one business but as three separate businesses, "viz: Barrentin's [sic] Oyster Bar located at 113 South Foster Street, Dothan, Alabama; and also * * * Barrentine's Fish and Oyster Market, a wholesale business located at 101 North Appletree Street, Dothan, Alabama. According to the testimony, the defendant also was a partner with one Willie Floyd in a partnership doing business in the nate [sic] of Barrentin's [sic] Fish Market which was located at 101 North Appletree Street in the City of Dothan, Alabama, which said partnership was composed of Paul Barrentine and Willie Floyd, and was engaged in the retail fish and oyster business."

The lower court in its judgment also entered the following findings of fact:

"The Court is satisfied from the testimony that Barrentine's Fish Market, the retail fish and oyster business located at 101 North Appletree Street, Dothan, was in fact a partnership composed of Paul Barrentine and Willie Floyd as co-partners, and therefore, is not to be considered as the same business operated by the defendant, Paul Barrentine, as concerned with the issues involved in this case.

\* \* \* \* \* \*

"The Court has fully considered all of the testimony in regard to the number of employees that the defendant regularly employed on or about January 13, 1962, and even if the Court determines that the retail oyster business operated by the defendant at 113 South Foster Street, in Dothan, Alabama, and the wholesale fish and oyster business operated at 101 North Appletree Street, in Dothan, Alabama, actually constitutes one business, instead of two separate businesses, it is the opinion of the Court that the said defendant did not regularly employ as many as eight employees at the time of, to-wit, January 13, 1962, * * *".

Appellant cogently argues some thirteen assignments of error. All primarily concern the character of appellee's three business establishments (as found by the lower court) and the total number of employees hired in said businesses. Appellant contends that since the three businesses dealt solely in the seafood trade (wholesale and retail) they should be considered as one rather than separately.

This contention is perhaps correct, with the exception of the disputed partnership insofar as the workmen's compensation statutes are concerned based upon our holding in Jackson v. United Cigar Stores, 228 Ala. 220, 153 So. 422. In that case we said in effect that to simply conduct a business operation in each of several different locations, with different employees in each location did not necessarily constitute separate businesses, but the character of the business engaged in at each place and the method used to conduct each operation must be considered. It would, therefore, appear that the character and nature of appellee's businesses are so related as to constitute one business, with the exception of the partnership. The evidence was uncontroverted that appellee's businesses concerned solely the wholesale or retail sale of seafoods. We see no justification for a distinction based upon the difference between oysters and fish, or wholesale and retail.

But be that as it may, there is ample evidence to sustain the other findings of fact entered by the lower court, and, therefore, the above mentioned error, if so, will not work a reversal of the case. This Court will not look to the weight of the evidence as to any fact found by a lower court in a workmen's compensation proceeding, but will simply ascertain if there is any evidence to support facts found by the trial court. This rule applies where compensation is denied as well as awarded. Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389; Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12.

Considering the number of appellee's employees, even including the disputed partnership, it would appear that the lower court would be justified in its finding of less than the necessary eight employees. It clearly appears that one Evelyn Smith could not be classified as an employee within the meaning of the Workmen's Compensation Act as she was apparently self-employed, being engaged in a public bookkeeping business, holding herself open for business other than that of appellee. This could not be termed as "regular" employment.

Therefore, considering the evidence in any light, it would appear that appellee regularly employed less than eight persons at the time of the accident; and not having elected to come within the provisions of the Act would not be subject to its terms.

Judgment affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.