ALMON, Justice.
This action was brought under the Employer’s Liability Act, Code 1975, § 25-6-1 et seq., and resulted in a jury verdict and judgment for the plaintiff for $20,000.00. We reverse, because the facts conclusively show that the action should have been brought under the Workmen’s Compensation Act. Code 1975, § 25-5-1 et seq.
The plaintiff, Sybil Sheffield, claimed she suffered permanent back injuries while employed as a waitress at the Veterans of Foreign Wars Post 7320 when she slipped on a wet floor and fell.
*263 Suits brought by an employee against her employer for injuries sustained in the course of her employment are presumed to fall within the provisions of the Workmen’s Compensation Act. Pound v. Gaulding, 237 Ala. 387, 187 So. 468 (1939); Kaplan v. Sertell, 217 Ala. 413, 116 So. 112 (1928). Because the Workmen’s Compensation Act and the Employer’s Liability Act are mutually exclusive and cannot apply to the same set of facts, Jackson v. United Cigar Stores Co., 228 Ala. 220, 153 So. 422 (1934), an employee who seeks to recover damages from her employer under the Employer’s Liability Act must bring herself within an exception to the Workmen’s Compensation Act by alleging in her complaint facts sufficient to establish that exception. Johnson v. Ralls, 286 Ala. 565, 243 So.2d 673 (1971); Stanton v. Marsh, 274 Ala. 501, 150 So.2d 363 (1963); DeArman v. Ingalls Iron Works, 258 Ala. 205, 61 So.2d 764 (1952). Once the plaintiff establishes an exception to the Workmen’s Compensation Act by alleging sufficient facts, the burden shifts to the defendant to allege and prove that the provisions of the Act do apply. McCarroll v. City of Bessemer, 289 Ala. 449, 268 So.2d 731 (1972).
The complaint in this case alleged by way of conclusion that the action was “brought pursuant to the Employer’s Liability Act,” but failed to allege any facts which would be sufficient to invoke an exception to the Workmen’s Compensation Act.
Although the defendant did move unsuccessfully to strike the complaint on the ground that the plaintiff, as an employee of the defendant, could not maintain the action, the defendant failed to raise any question, by special plea or otherwise, concerning the applicability of the Workmen’s Compensation Act until it moved for a directed verdict at the conclusion of trial.
The Workmen’s Compensation Act states it does not apply
to domestic servants, to farm laborers * * or to persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession or occupation of the employer or to any other employer who regularly employs less than three employees in any one business * * *.
Code 1975, § 25-5-50.
At trial, the Post Commander was questioned as to how many persons the Post employed:
Q. How many waitresses does the club employ there all together?
A. Well, during the week we employ two waitresses but on Friday and Saturday nights there were four in the back and one behind the bar. So, there would be five waitresses.
Q. During the weekends?
A. During Friday and Saturday night, yes, sir.
Q. There are five waitresses. How many behind the bar?
A. One lady and one man.
Q. And in addition to that, Mr. Jordan, the manager?
A. Mr. Jordan is the club manager and he is there every Friday and Saturday night and also employ a man in the parking lot and the band.
Q. Now, that is what, 7 people on the weekend?
A. No, sir. There are five in the band and four waitresses and two bartenders and one outside.
Q. How many during the week is working there total including the manager?
A. There is four.
Q. Four?
A. That stays on the payroll all week.
This evidence being uncontroverted, it is apparent to this Court that because the defendant did not employ less than three employees the action should have been tried under the provisions of the Workmen’s Compensation Act.
Ordinarily, this fact would have surfaced at the pleading stage of the trial. We note that the record does not contain a pretrial order. We are also compelled to note that a great deal of judicial time has been wasted.
*264 The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.