Richard O. Carter, presently an inmate in Bullock County Correctional Facility, petitions for a writ of mandamus directing Judge William W. Cardwell to: (1) grant him permission to proceed in forma pauperis on his Rule 32, Ala.R.Crim.P., petition, and (2) rescind his order compelling the Department of Corrections to withhold $144 from Carter's prison account to pay the filing fee for his Rule 32 petition. The mandamus petition is granted in part and denied in part.
On November 7, 2000, Carter attempted to file a Rule 32 petition with the Etowah County Circuit Court, but the petition was instead sent to the Etowah County district attorney's office. The Rule 32 petition did not contain a declaration of intent to proceed in forma pauperis. On December 15, 2000, the State filed a motion to dismiss Carter's Rule 32 petition. Although the record indicates that the petition had not yet been filed, on December 20, 2000, the trial court issued an order purporting to dismiss Carter's Rule 32 petition, in reliance on Rule 32.6(b) and 32.7(d), Ala.R.Crim.P., because it contained bare allegations and because it did not contain a clear and specific statement of facts to support his claims. The circuit court also found Carter's claims to be procedurally barred, under Rule 32.2(c), Ala.R.Crim.P., because, the court concluded, Carter could have raised his claims at trial or on appeal, but had not done so. In addition, the circuit court taxed Carter for the costs of the filing fee, because his petition did not include a motion to proceed informa pauperis and he had not paid the filing fee required for a Rule 32 petition.
At some point, not specified in any of the materials before this Court, the State became aware of the fact that Carter's original Rule 32 petition had been sent directly to the district attorney's office, and had not been filed with the circuit court. The State then forwarded a copy of the petition to the circuit court, and it was stamped "filed" on January 5, 2001. On January 9, 2001, Carter filed an amended Rule 32 petition; that petition also failed to include a motion to proceed in formapauperis. On January 16, 2001, the circuit clerk's office sent Carter a letter notifying him that his Rule 32 petition did not contain a motion to proceed in forma pauperis and that such a motion was required in order to avoid paying a filing fee.
On January 30, 2001, Carter filed a joint notice of appeal and motion to proceed in forma pauperis on appeal and also filed that date a motion for the circuit court to reconsider its dismissal of his Rule 32 petition. On February 1, 2001, the circuit court denied Carter's motion to reconsider. Carter filed the required motion to proceed in formapauperis on February 5, 2001, but the motion was not signed. On February 8, 2001, the circuit court denied Carter's motion to proceed in formapauperis because it was not in the proper form and because it was not signed.
On February 14, 2001, Carter petitioned the Court of Criminal Appeals for a writ of *Page 536 
mandamus, claiming the circuit court should have granted him permission to proceed in forma pauperis and that it should not have taxed him the filing fee as costs. The Court of Criminal Appeals denied Carter's petition on February 23, 2001, without an opinion. Ex parte Carter (No. CR-00-0981), ___ So.2d ___ (Ala.Crim.App., 2001) (table). Carter then petitioned this Court for a writ of mandamus, on March 2, 2001.
The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv.Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Ex parteZiglar, 669 So.2d 133, 134 (Ala. 1995). A petition for the writ of mandamus "is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." Goldsmith v. State,709 So.2d 1352, 1353 (Ala.Crim.App. 1997).
The circuit court denied Carter's motion to proceed in forma pauperis
because he had not complied with § 12-19-70, Ala. Code 1975, and Rule 32.6(a), Ala.R.Crim.P. Section 12-19-70 requires that the filing fee for a postconviction-relief petition be paid upon the filing of the petition, but it allows the court to initially waive the filing fee and tax the costs at the end of the case if "payment of the fee will constitute a substantial hardship." To be considered for this initial waiver, the petitioner must sign a statement of substantial hardship and the statement must be approved by the circuit court. See § 12-19-70(b). Rule 32.6(a) requires a party seeking to proceed in forma pauperis on a Rule 32 petition to file the declaration at the end of the required Rule 32-petition form. Once the clerk's office receives the petition and the filing fee, or an order granting the petitioner permission to proceed informa pauperis, the clerk shall file the petition. See Rule 32.6(a), Ala.R.Crim.P.
Carter did not file a motion to proceed in forma pauperis with his original Rule 32 petition, as required by Rule 32.6(a). Carter's handwritten motion to proceed in forma pauperis was filed after his Rule 32 petition had been denied, and it was not in the proper form, because it did not comply with the form requirements of Rule 32.6(a), Ala.R.Crim.P. When Carter later filed a proper in forma pauperis form, it was not signed as required by § 12-19-70. Thus, Carter did not file a motion to proceed in forma pauperis with his original Rule 32 petition, and any subsequent motions he made were procedurally insufficient. Therefore, the circuit court did not err in failing to grant Carter permission to proceed in forma pauperis.
However, the circuit court never had jurisdiction to consider Carter's Rule 32 petition, because it did not collect a filing fee or approve Carter's affidavit of substantial hardship at the time the petition was filed. In Carpenter v. State, 782 So.2d 848 (Ala.Crim.App. 2000), the petitioner had not paid the filing fee for his habeas corpus petition and the trial court had not approved an affidavit of substantial hardship before it ruled on the motion. The trial court attempted to invoke subject-matter jurisdiction over the petition by taxing the filing fee as costs at the end of the proceeding. Id. In Carpenter, the Court of Criminal Appeals held:
 "Section 12-19-70 provides that a filing fee shall be collected at the time a complaint or a postconviction petition is filed, unless a verified statement of substantial hardship is approved, in which event the docket fee may initially be waived and then taxed as costs at the *Page 537 
conclusion of the case. A trial court does not obtain jurisdiction of an action until either a filing fee is paid or the fee is properly waived according to § 12-19-70."
782 So.2d at 850.
Carter never paid a filing fee, and the circuit court never approved anin forma pauperis declaration for his Rule 32 petition. Therefore, the circuit court never had jurisdiction to rule on Carter's Rule 32 petition. The circuit court's order denying Carter's Rule 32 petition is void because the circuit court never had jurisdiction to rule on that petition. See Goldsmith v. State, supra, at 1352-53. Because the circuit court's order denying the Rule 32 petition is void, the order taxing the filing fee as costs is also void.
Carter has not demonstrated a clear legal right to have the circuit court grant him permission to proceed in forma pauperis, because he never properly filed the required declaration. However, Carter does have a clear legal right to an order rescinding the order taxing costs to him for filing the petition, because the circuit court did not have jurisdiction to issue that order.
The petition for the writ of mandamus is granted insofar as it seeks an order directing the circuit court to withdraw its order taxing costs against his prison account. The petition is denied insofar as it seeks an order directing the circuit court to grant his motion to proceed informa pauperis.
PETITION GRANTED IN PART AND DENIED IN PART AND WRIT ISSUED.
Moore, C.J., and See, Brown, and Stuart, JJ., concur.