There are two fundamental and related problems with relegating a defendant solely to a petition for a writ of mandamus instead of a second Rule 32 petition to apply for an out-of-time appeal from the denial of the defendant's first Rule 32 petition. First, the defendant's entitlement to an out-of-time appeal depends on facts about judgments, rulings, entries, notices, filings, and the like, and the dates thereof, that first should be presented to and determined by the trial court. A petition for a writ of mandamus filed directly with an appellate court entirely skips such a presentation and determination in the trial court. Second, a writ of mandamus should issue to a trial judge only to redress his or her refusal to grant relief clearly due the petitioner.Ex parte Carter, 807 So.2d 534, 536 (Ala. 2001). But, if the defendant-petitioner is not allowed first to present an application with a factual and legal showing for an out-of-time appeal to the trial judge, the trial judge cannot be held to have refused to grant clearly due relief so as to warrant a petition for a writ of mandamus against him or her. Id.
If, for example, an incarcerated defendant receives a notice which tells him that, on a date more than 42 days earlier, the trial court denied his first Rule 32 petition a few days after it was filed, against whom should the defendant file a petition for a writ of mandamus seeking an out-of-time appeal? Who has refused him an out-of-time appeal? Unless the defendant asks the trial court for an out-of-time appeal and makes a factual and legal showing that clearly justifies one, and unless the trial court then refuses the out-of-time appeal, no grounds for a petition for a writ of mandamus against the trial judge will exist. Exparte Carter, supra. Nor will any grounds for a petition for a writ of mandamus against the Court of Criminal Appeals exist, for that court, having never even heard of the case at that stage, certainly cannot be deemed to have refused the defendant an out-of-time appeal and thereby to have violated any clear legal right to *Page 985 
relief owing to the defendant, as would be prerequisite to mandamus relief. Id.
Is the main opinion holding implicitly that the defendant may effectively demand the out-of-time appeal and make his showing of a clear legal right by writing one or more letters to the trial court so long as the defendant does not call the letters a Rule 32 petition? Is the main opinion now conferring legal status upon letters to the courts?
Is Rule 32 not intended to unify and to simplify the postconviction hodgepodge? See Rule 32.4, Ala. R.Crim. P. Is a Rule 32 petition not the most practicable procedure for a defendant to present and the trial court to decide the defendant's claim to an out-of-time appeal? On the other hand, if the main opinion is implicitly holding that the defendant must write one or more letters asking the trial court for the out-of-time appeal and making the showing of a clear legal right to an out-of-time appeal in order to establish grounds for a petition for a writ of mandamus against the trial judge, then the main opinion is elevating form over substance by not recognizing Brooks's second Rule 32 petition as one more such letter (in addition to those he has already written) and by not recognizing his appeal of the denial of his second Rule 32 petition as his petition for a writ of mandamus in accordance with Ex parteBurch, 730 So.2d 143 (Ala. 1999), and Ex parte Hutto,720 So.2d 1051 (Ala.Crim.App. 1998), much as the Court of Criminal Appeals did when this same case was before them on original submission.
When Brooks, the defendant-petitioner now before us, filed his second Rule 32 petition on December 21, 2000, it was expressly authorized by Fountain v. State, 842 So.2d 719 (Ala.Crim.App. 2000), as a method to seek an out-of-time appeal of the denial of his first Rule 32 petition. This holding of Fountain was affirmed by this Court in Ex parte Fountain, 842 So.2d 726,728, 730 (Ala. 2001), as the Court of Criminal Appeals acknowledged in their revised opinion in this Brooks case on application for rehearing, Brooks v. State, 892 So.2d 969,973-74 (Ala.Crim.App. 2002). For the reasons explained in this dissent, Brooks's second Rule 32 petition was the most logical way to seek an out-of-time appeal. Therefore, the Court of Criminal Appeals was correct to follow Ex parte Fountain and to grant Brooks his relief in Brooks v. State, supra. For these reasons, I respectfully dissent from reversing the judgment of the Court of Criminal Appeals.
I do note that the remand by this Court does not prohibit the Court of Criminal Appeals from treating Brooks's letters to the trial court as his demand and showing for an out-of-time appeal, treating his second Rule 32 petition as another such letter, and treating his appeal as a petition for a writ of mandamus, much as that court did on original submission. Such a solution is the second best way, necessitated by the main opinion, to achieve the fundamental due process the courts owe Brooks and other defendants similarly situated.