PARKER, Justice.
Rock Wool Manufacturing Company (“Rock Wool”) petitions this Court for a writ of mandamus directing the Jefferson Circuit Court (“the circuit court”) to vacate its order denying Rock Wool’s motions to dismiss a complaint filed against it by Palmer Cason and Jessie M. Cason and to enter a new order dismissing the Casons’ complaint. We grant the petition and issue the writ.

Facts and Procedural History

At all times relevant to this matter, Palmer Cason (“Palmer”) was an employee of Rock Wool. On July 16, 2014, Palmer was working as a furnace operator for Rock Wool when he suffered an injury caused by a furnace explosion. At some point before the explosion, Rock Wool had caused certain safety equipment called “explosion doors” to be removed from the furnace Palmer was operating. The “explosion doors” had the capacity at least to mitigate injury to the operator in the event of an explosion.
On October 22,,2014-, the Casons sued several of Palmer’s coworkers, alleging various claims in regard to the injuries Palmer suffered as a result of the furnace explosion. On January 27, 2016, the Ca-sons filed an amended complaint adding Rock Wool as a defendant and asserting claims of wantonness, .the tort of outrage, and negligence against Rock Wool.
On February 27, 2015, Rock Wool filed a motion to dismiss the Casons’ amended complaint for failure to state a claim upon which relief could be granted. In that motion, Rock Wool argued that the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, provides the exclusive remedy for employees who are injured during the course of their employment. Specifically, Rock Wool argued that §§ 25-5-52 and -53, Ala.Code 1975, which are commonly referred to as the exclusive-remedy provisions of the Workers’ Compensation Act, prevented the Casons from being able to recover against Rock Wool in tort for the injuries Palmer incurred during the course of his employment with Rock Wool. The exclusive-remedy provisions of the Workers’ Compensation Act provide, in relevant part:
“Except as provided in this chapter, no employee of any employer subject to this chapter ... shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.”
§ 25-5-52.
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee .., at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly hable for personal injury to or death of the employer’s employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.... ”
§ 25-5-53. Further, § 25-5-14, Ala.Code 1975, provides:
“The intent of the Legislature is to provide complete immunity to employers *671 and limited immunity to officers, directors, agents, servants, or employees of the same employer ... from civil liability for all causes of action except those based on willful conduct and such immunity is an essential aspect of the workers’ compensation scheme. The Legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-.53, as amended herein, and Sections 25-5-144 and 25—5—194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein.”
On May 1, 2015, the Casons filed a second amended complaint asserting a claim against Rock Wool under the Alabama Employer’s Liability Act, § 25-6-1 et seq.y Ala. Code 1975. On June 2, 2015, Rock Wool filed a motion to dismiss the Casons’ second amended complaint. Rock Wool’s arguments largely mirrored those in its first motion to dismiss, with the additional argument that there could be no recovery under the Employer’s Liability Act in a case where the alleged injury is compensable under the Workers’ Compensation Act. The Casons filed a response to this motion on July 23, 2015. On July 24, 2015, the circuit court held a hearing on Rock Wool’s motions to dismiss. On July 29, 2015, the circuit court entered an order denying Rock Wool’s motions to dismiss. This petition for mandamus relief followed.

Standard of Review

“ ‘ “ ‘The writ of mandamus is a drastic and extraordinary writ, to be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala.1995).’ Ex parte Carter, [807 So.2d 534,] 536 [ (Ala.2001) ].”
‘“Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001).
“ ‘ “Subject to certain narrow exceptions ..., we have held that, because an ‘adequate remedy’ exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition, for writ of mandamus.” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002).’
“Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 965-66 (Ala.2011).”
Ex parte MERSCORP, Inc., 141 So.3d 984, 990 (Ala.2013). One of the exceptions to the general rule that the denial of a motion to dismiss is not reviewable by mandamus is where the motion to dismiss asserts a defense of immunity. See Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala.2003) (“The denial of a motion to dismiss ... generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity.” (citing Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002))). See also Ex parte McCartney Constr. Co., 720 So.2d 910, 911 (Ala.l998)(granting mandamus relief where the trial court denied a motion to dismiss premised on the immunity provided by the exclusive-remedy provisions of the Workers’ Compensation Act); Ex parte Progress Rail Servs. Corp., 869 So.2d 459, 473 (Ala.2003)(ruling “consistent with McCartney”); and Ex parte Salvation Army, 72 So.3d 1224, 1228 (Ala.Civ.App.2011)(holding that denial of a summary judgment motion grounded on a claim of immunity under the exclusive-' remedy provisions of the Workers’ Compensation Act is reviewable by mandamus *672 and stating that “whether a claim of immunity is denied following a motion to dismiss or a summary-judgment motion appears to be immaterial to ... whether such a denial may be reviewed by mandamus”).
In its motions to dismiss, Rock Wool cited Progress Rail and argued that it was immune from the Casons’ action based on the exclusive-remedy provisions set forth in the Workers’ Compensation Act. Therefore, Rock Wool, having asserted a defense of immunity, has properly petitioned this Court for mandamus review of the circuit court’s denial of Rock Wool’s motions to dismiss.

Discussion

Rock Wool argues that all of the Casons’ claims are barred, in one way or another, by the Workers’ Compensation Act. First, Rock Wool argues that the Casons’ Employer’s Liability Act claim is barred because, it says, the claim does not fall within an exception to coverage under the Workers’ Compensation Act. Second, Rock Wool argues that the Casons’ tort claims are barred by the exclusive-remedy provisions of the Workers’ Compensation Act. Therefore, Rock Wool argues, the circuit court exceeded its discretion in denying Rock Wool’s motions to dismiss.
Rock Wool argues that the Casons’ claim against it premised on the Employer’s Liability Act is barred because the Workers’ Compensation Act is presumed to apply in this situation and the Employer’s Liability Act and the Workers’ Compensation Act are mutually exclusive. The Casons’ only argument in response is that their claim is proper under the Employer’s Liability Act because they allege intentional tortious conduct on the part of Rock Wool. The Casons do not in any way address Rock Wool’s argument that the Workers’ Compensation Act and the Employer’s Liability Act are mutually exclusive, nor do they address the following holding of this Court in Veterans of Foreign Wars Post 7320 v. Sheffield, 398 So.2d 262, 263 (Ala.1981):
“Suits brought by an employee against her employer for injuries sustained in the course of her employment are presumed to fall within the provisions of the Workers’ Compensation Act. Pound v. Gaulding, 237 Ala. 387, 187 So. 468 (1939); Kaplan v. Sertell, 217 Ala. 413, 116 So. 112 (1928). Because the Workers’ Compensation Act and_ the Employer’s Liability Act are mutually exclusive and cannot apply to the same set of facts, Jackson v. United Cigar Stores Co., 228 Ala. 220, 163 So. 422 (1934), an employee who seeks to recover damages from her employer' under the Employer’s Liability Act must bring herself within an exception to the Workers’ Compensation Act by alleging in her complaint facts sufficient to establish that exception. Johnson v. Ralls, 286 Ala. 565, 243 So.2d 673 (1971); Stanton v. Marsh, 274 Ala. 501, 150 So.2d 363 (1963); DeArman v. Ingalls Iron Works, 258 Ala. 205, 61 So.2d 764 (1952). Once the plaintiff establishes an exception to the Workers’ Compensation Act by alleging sufficient facts, the burden shifts to the defendant to allege and prove that the provisions of the [Workers’ Compensation] Act do apply. McCarroll v. City of Bessemer, 289 Ala. 449, 268 So.2d 731 (1972).
“The complaint in this case alleged by way of conclusion that the action was ‘brought pursuant to the Employer’s Liability Act,’ but failed'to allege any facts which would be sufficient to invoke an exception to the Workers’ Compensation Act.
[[Image here]]
“The Workers’ Compensation Act .states it does not apply
*673 “ ‘to domestic servants, to farm laborers ... or to persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession or occupation of.the employer or to any other employer who regularly employs less than three employees in any one business.... ’
“[Ala.] Code 1975, § 25-5-50.”
The Casons did not argue below, nor do they argue on appeal, that their Employer’s Liability Act claim comes under any of the exemptions from coverage under the Workers’ Compensation Act. The Casons entirely ignore the mutual exclusivity of the Workers’ Compensation Act and the Employer’s Liability Act as explained by this Court in Sheffield, In this regard, the Casons’ claim asserted under the Employer’s Liability Act is barred.
Although the Casons do argue that they may maintain their Employer’s Liability Act claim against Rock Wool based on this Court’s decision in Birmingham, v. Waits, 706 So.2d 1127 (Ala.1997), we disagree. In Waits, an employee of the City of Birmingham sued the City based on an injury incurred during the course of his employment. The employee sued the City under the Employer’s Liability Act, alleging that his injury was the result of an unsafe workplace created by the City. This Court affirmed the trial court’s judgment in favor of the employee. The Casons argue that Rock Wool created an unsafe workplace in the instant case by removing safety devices from the furnace; thus, the Casons argue, under Waits, they may maintain their Employer’s Liability. Act claim against Rock Wool.
However, as Rock Wool argues in .its reply brief, Waits is inapplicable. In fact, the Court did not even discuss or cite the Workers’ Compensation Act in Waits. It is unclear why the City of Birmingham did not raise the exclusive-remedy provisions of the Workers’ Compensation. Act as a defense to the employee’s claims, but it apparently did not. Rock Wool speculates that the exclusive-remedy provisions of the Workers’ Compensation Act were not discussed in Waits because the Workers’ Compensation Act did not apply by virtue of § 25-5-13(b), Ala.Code 1975, which provides that the Workers’ Compensation Act does not apply “to any city ... which has a population of 250,000 or more according to the last or any subsequent decennial federal census_” We need not speculate, however. The Workers’ Compensation Act was not at issue in Waits; thus, Waits is not applicable in this case and does not support the Casons’ argument.
Rock Wool next argues that the Casons’ tort claims against it are barred by the exclusive-remedy provisions of the Workers’ Compensation Act and that the facts of this case are distinguishable from those in Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala.1989). Louman is best characterized, not as an exception to the immunity granted by the exclusive-remedy provisions of the Workers’ Compensation Act, but rather as a factual scenario in which the exclusive-remedy provisions of the Workers’ Compensation Act simply did not apply because there was no “accident” that brought the case under the coverage of the Workers’ Compensation Act. See Ex parte Progress Rail Servs. Corp., 869 So.2d at 469 (noting that the Court in Louman “[c]onclud[ed] that the tortious conduct of the defendants did not qualify as an ‘accident’ compensable under the [Workers’ Compensation] Act,” and that, therefore, “because that conduct was ‘not covered’ by the Act, the ‘exclusivity provisions of the Act [we]re irrelevant’ ”).
In Lowman, an employee sustained a back injury while working for her employer. The Court stated the facts forming *674 the basis of the employee’s claims as follows:
“The facts most favorable to [the employee] show that [the employer] was aware that [the employee] had been injured on the job, having been advised of this by [the employee]’s supervisors and by [the employee] herself on the day the injury occurred. [The employer], however, refused to process [the employee]’s claim and, instead, told [the employee] to fill out another claim form and to state that she had been injured at home. Several days later, [the employer] visited a hospitalized [employee] and ‘threatened’ [the employee] with being ‘stuck with a big [medical] bill’ if [the employee] did not file her disability claim as for an off-the-job injury.”
547 So.2d at 92. The employee thereafter brought various tort claims against the employer. The employee’s claims, however, were predicated, not on her workplace injury itself, but rather on the employer’s actions following the employee’s workplace injury. Id.
The employer in Lowman argued that the employee’s claims against it were barred by the exclusive-remedy provisions of the Workers’ Compensation Act. This Court was not persuaded by the employer’s argument, holding that “the exclusive remedy provisions were not designed to shield an employer or its insurer from the entire field of tort law. These provisions apply only to limit the liability of an employer or its insurer to the statutorily prescribed claims for job-related injuries.” 547 So.2d at 92. This Court stated that “intentional tortious conduct (i.e., intentional fraud) committed beyond the bounds of the employer’s proper role is actionable.” 547 So.2d at 95. This holding followed from the Court’s conclusion that “[t]he allegedly tortious conduct in question occurred while [the employee] was hospitalized as a result of the initial injury to her back.” Id. at 93 (emphasis added). This conduct, this Court held, was “not an ‘accident’ compensable under workmen’s compensation” and could not therefore provide immunity to the employer. Id.
This Court further clarified Lowman in Ex parte Progress Rail Services Corp., 869 So.2d at 470, where it noted:
“[T]he statement in Lowman that ‘intentional tortious conduct ... committed beyond the bounds of the employer’s proper role is actionable,’ 547 So.2d at 95 (emphasis supplied), does not support the different proposition ... that intentional tortious conduct committed within the bounds of the employer’s proper role is actionable.”
The Casons make no argument that this case is analogous to Lowman,[1] nor do they make any argument as to why their tort claims are not barred by the Workers’ Compensation Act. Instead, the Casons argue simply that Progress Rail is distinguishable from the present case because
“Progress Rail constituted an actual workplace accident; and was not the result of deliberate actions by the em *675 ployer. The facts of the instant case, taken as true[,] show that far from being an ‘accident’ the injury to Cason was the result of deliberate, negligent actions taken by Rock Wool in respect to the furnace operated by [Palmer] Cason.”
The Casons’ response brief, at p. 12.[2] The Casons also argue that Progress Rail is distinguishable because that case involved multiple defendants and because that case was brought pursuant to § 25-1-1, Ala. Code 1975.[3] The Casons do not explain how those differences affect the applicability of the exclusive-remedy provisions of the Workers’ Compensation Act' here. The Casons’ arguments are without merit. As Rock Wool correctly argues, the accident forming the basis of the Casons’ complaint occurred “within the bounds of the employer’s proper role,” Lowman, 547 So.2d at 95, and therefore is properly within the coverage of the Workers’ Compensation Act. Unlike in Lowman, where the complained-of conduct took place in a hospital after the accident that formed the basis of the workers’ compensation claim, it is undisputed that Palmer’s accident occurred during the course of and arose out of his employment with Rock Wool.
As this Court noted in Lowman: “ ‘[T]he [Workers’ Compensation] Act should not be an impervious barrier, insulating a wrongdoer from the payment of just and fair damages for intentional tor-tious acts only very tenuously related to workplace accidents.’” 547 So.2d at 94 (quoting Carpentino v. Transport Ins. Co., 609 F.Supp. 556, 562 (D.C.Conn.1985)). Although the Casons allege that Rock Wool’s conduct in allegedly removing the “explosion doors” from the furnace was intentional, even gross and deliberate, they do not allege that that conduct was only “tenuously related” to a workplace accident. Concerning whether the exclusive-remedy provisions of the Workers’ Compensation Act apply to an employee’s claim that intentional conduct on the part of the employer caused the employee’s injury, Judge Terry Moore of the Alabama Court of Civil Appeals writes the following in his treatise on the Workers’ Compensation Act:
“[T]he court [in Progress Rail ] concluded that the Legislature intended the exclusivity provisions to bar any civil action against an employer for a work-related injury or death covered by the [Workers’ Compensation] Act even if caused by the willful and intentional conduct of the employer.[8]
[[Image here]]
*676 2 Terry A. Moore, Alabama Workers’ Compensation § 20:7 (2d ed.2013). Even assuming that Rock Wool acted intentionally with regard to Palmer’s workplace accident, it was nonetheless a workplace accident. Therefore, the Workers’ Compensation Act applies, and with it the exclusive-remedy provisions. Therefore, the Casons’ tort claims against Rock Wool are barred by the exclusive-remedy provisions of the Workers’ Compensation Act.

Conclusion

Rock Wool persuasively argues that the exclusive-remedy provisions of the Workers’ Compensation Act apply here to bar the Casons’ claims against it; thus, Rock Wool has demonstrated a clear legal right to the relief sought. Therefore, we grant the petition and order that the circuit court set aside its order denying Rock Wool’s motions to dismiss and to enter a new order consistent with this opinion.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and STUART, SHAW, and WISE, JJ., concur.

. The Casons do argue that “Progress Rail and its progeny recognize exceptions to the harsh exclusivity provisions of the Workers’ Compensation Act,” and for that proposition they cite Progress Rail and Lowman. The Casons' response brief, at p. 11. The Casons also quote Devero v. North American Bus Industries, 154 So.3d 131, 136 (Ala.Civ.App. 2013), as follows: “[A] claim asserting an employer’s intentional tortious conduct that has been committed beyond the bounds of the employer's proper role is not barred by principles of exclusivity endorsed by the terms of the [Workers' Compensation] Act.” The above quote from Devero refers to a holding of this Court in Lowman; however, although the Ca-sons offer a "see also” citation to Lowman, they do not argue that their case is governed by Lowman or explain its applicability to this case.

. The Casons’ attempt to distinguish Progress Rail on the ground that it did not involve "deliberate actions by the employer” is misguided; in fact, the first count of the complaint in Progress Rail alleged that the employer had " 'intentionally and/or willfully caused the fatal injuries to the deceased.’ ” Progress Rail, 869 So.2d at 461.

“ 8See also Beard v. Mobile Press Register, Inc., 908 So.2d 932 (Ala.Civ.App. 2004) (‘.'.. [Wjhere a workplace injury to an employee arises from an accident as defined in the Act, i.e., “an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means,” § 25-5-1(7), Ala.Code 1975, the Act’s exclusivity provisions apply, and merely alleging intentional or willful conduct cannot surmount those provisions.’); Hudson v. *676 Renosol Seating, LLC, 73 So.3d 1267 (Ala.Civ.App.2011) (construing Ex parte Progress Rail■ Services at length and holding that exclusivity provisions cannot be circumvented by allegation that employer injured employee ‘willfully’ or ‘intentionally’).”

. Section 25-1-1, Ala.Code 1975, imposes a duty upon employers to provide a safe workplace; that statute is not part of the Workers’ Compensation Act. Additionally, the Casons distinguish Progress Rail on the basis that it was not brought pursuant to the Employer’s Liability Act.