PARKER, Justice.
Terri Bargsley filed a negligence and wantonness action in the Jefferson Circuit Court ("the circuit court") against the Birmingham Airport Authority ("the BAA") seeking to recover damages for injuries Bargsley allegedly incurred in a fall at Birmingham-Shuttlesworth International Airport ("the airport"), which the BAA manages and operates. The BAA filed a motion to dismiss Bargsley's tort action, claiming that it is entitled to immunity under various sections of the Alabama Code 1975. The circuit court granted the BAA's motion to dismiss in part and denied it in part. The circuit court determined that the BAA is entitled to immunity from Bargsley's negligence claim but that it is not entitled to immunity from Bargsley's wantonness claim. The BAA then petitioned this Court for a writ of mandamus directing the circuit court to vacate the portion of its order denying the BAA's motion to dismiss as to Bargsley's wantonness claim and to enter an order dismissing Bargsley's wantonness claim. We grant the petition and issue the writ.
Facts and Procedural History
The BAA is a public corporation organized under § 4-3-40 et seq., Ala. Code 1975, to manage and operate the airport, which is owned by the City of Birmingham. Bargsley alleges that, in April 2017, while traveling for business purposes, she was walking through the terminal at the airport when she slipped on a clear liquid and fell. Bargsley alleges that she suffered injuries as a result of the fall.
On October 10, 2017, Bargsley sued the BAA and several fictitiously named parties asserting claims of negligence and wantonness and seeking damages for her alleged injury. On October 23, 2017, the BAA filed a motion to dismiss Bargsley's tort action pursuant to Rule 12(b)(6), Ala. R. Civ. P. The BAA argued that it is entitled to immunity from Bargsley's tort action under §§ 4-3-7, 4-3-47, and 23-1-383, Ala. Code 1975. Section 4-3-7 states:
"No action or suit shall be brought or maintained against [an airport] authority, or any director thereof, for or on account of the negligence of such authority or director or its or his agents, servants or employees, in or about the *966 construction, maintenance, operation, superintendence or management of any airport, heliport or other facility owned or controlled by the authority."
Section 4-3-47 states, in pertinent part, that "[t]he [airport] authority shall have the ... power ... [t]o sue and be sued in its own name in civil actions, excepting actions in tort against the authority."
On November 6, 2017, Bargsley filed a response in opposition to the BAA's motion to dismiss. Bargsley did not oppose the BAA's argument that it is entitled to immunity from her negligence claim, but she argued that the BAA is not entitled to immunity from her wantonness claim.
On February 15, 2018, following a hearing, the circuit court granted the BAA's motion in part and denied it in part. The circuit court stated "that the claims against [the BAA] asserting negligence are hereby dismissed with prejudice but the claims asserting wantonness against [the BAA] are not dismissed, but shall continue, unaffected by this order." (Capitalization omitted.)
On March 29, 2018, the BAA petitioned this Court for a writ of mandamus directing the circuit court to vacate the portion of its order denying the BAA's motion to dismiss as to Bargsley's wantonness claim and to enter an order dismissing in its entirety Bargsley's tort action.
Standard of Review
In Ex parte Rock Wool Manufacturing Co., 202 So.3d 669, 671 (Ala. 2016), this Court set forth the following applicable standard of review:
" ' " ' "The writ of mandamus is a drastic and extraordinary writ, to be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ; see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala. 1995)." Ex parte Carter, [807 So.2d 534,] 536 [ (Ala. 2001) ].'
" ' " Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001).
" ' " 'Subject to certain narrow exceptions ..., we have held that, because an "adequate remedy" exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.' Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002)."
" ' Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 965-66 (Ala. 2011).'
" Ex parte MERSCORP, Inc., 141 So.3d 984, 990 (Ala. 2013). One of the exceptions to the general rule that the denial of a motion to dismiss is not reviewable by mandamus is where the motion to dismiss asserts a defense of immunity. See Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala. 2003) ('The denial of a motion to dismiss ... generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity.' (citing Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002) ) )."
The entire basis of the BAA's argument before this Court is that it is entitled to immunity from Bargsley's wantonness claim.[1]
*967 Discussion
The only issue before us is whether the circuit court erred in denying the BAA's motion to dismiss Bargsley's wantonness claim.
The BAA argues that the plain language of § 4-3-47 provides it with immunity from Bargsley's wantonness claim. Section 4-3-47 states, in pertinent part:
"The authority[2 ] shall have the following powers, together with all powers incidental thereto or necessary to the discharge thereof in corporate form:
"....
"(2) To sue and be sued in its own name in civil actions, excepting actions in tort against the authority."
(Emphasis added.) The BAA argues that the plain language of § 4-3-47(2), Ala. Code 1975, clearly states that tort actions cannot be brought against an authority, such as the BAA, that Bargsley's wantonness claim is an action in tort, and that, therefore, the BAA is free from liability on the wantonness claim.
In response, Bargsley argues that, rather than simply reading the plain language of § 4-3-47(2), this Court must interpret the plain language of § 4-3-47(2) in light of § 4-3-50, Ala. Code 1975, which states:
"No civil action shall be brought or maintained against the authority or any director thereof for or on account of the negligence of such authority or director or its or his agents, servants or employees in or about the construction, maintenance, operation, superintendence or management of any airport, heliport or other facility owned or controlled by the authority."
(Emphasis added.) Bargsley argues that because the plain language of § 4-3-50 entitles an authority to immunity only from a negligence action, the plain language of § 4-3-47(2) cannot be read to entitle an authority to a broader immunity from any action in tort.
This Court set forth the applicable principles of statutory interpretation in Ex parte Ankrom, 152 So.3d 397, 409-10 (Ala. 2013) :
"In ascertaining the legislature's intent in enacting a statute, this Court will first attempt to assign plain meaning to the language used by the legislature. ... [T]his Court has held that '[t]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. If possible, the intent of the legislature should be gathered from the language of the statute itself.' Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301, 1305 (Ala. 1991).
"We look first for that intent in the words of the statute. As this Court stated in Ex parte Pfizer, Inc., 746 So.2d 960, 964 (Ala. 1999) :
" ' "When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning -- they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature." Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997). Justice Houston wrote the following for this Court in *968 DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270 (Ala. 1998) :
" ' "In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
" ' " ' "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." '
" ' " Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992) ); see also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n, 589 So.2d 687, 689 (Ala. 1991) ; Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm'n, 524 So.2d 357, 360 (Ala. 1988) ; Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984) ; Dumas Brothers Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala. 1983) ; Town of Loxley v. Rosinton Water, Sewer & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala. 1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997)." '
"Thus, only when language in a statute is ambiguous will this Court engage in statutory construction. As we stated in Ex parte Pratt, 815 So.2d 532, 535 (Ala. 2001), '[p]rinciples of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.' "
The plain language of § 4-3-47(2) is clear: an authority may be sued in civil actions, "excepting actions in tort." (Emphasis added.) Bargsley's wantonness claim is undisputedly an action in tort, which clearly violates the plain language of § 4-3-47(2). We conclude that the plain language of § 4-3-47(2) entitles the BAA to immunity from Bargsley's tort action, including her wantonness claim.[3]
Bargsley argues that this Court's decision in Gaines v. Huntsville-Madison County Airport Authority, 581 So.2d 444 (Ala. 1991), implicitly interpreted § 4-3-47(2) as allowing a wantonness action against an authority. We disagree; Gaines is distinguishable. In Gaines, an airport authority was created pursuant to Act No. 780, Acts of Alabama 1961 (amended by Act No. 1219, Acts of Alabama 1969). Section 2 of *969 Act No. 780 stated that "[a] public corporation may be organized under the provisions of this act in any county in this state having a population of not less than 110,000 nor more than 165,000." Section 10 of Act No. 780, amended by Act No. 1219, stated:
"No action or suit shall be brought or maintained against the authority or any director thereof, for or on account of torts arising out of simple negligence, willful negligence, wanton negligence, intentional negligence or willfulness, wantonness, recklessness or intentional misconduct of such authority or director, or its or his agents, servants, or employees in or about the construction, maintenance, operation, superintendence or management of any airport, heliport or other facility owned or controlled by the authority."
Subsequently, a traveler was walking through a municipal airport operated and managed by an airport authority created under Act No. 780 when the traveler slipped and fell on a flight of stairs. The traveler was injured as a result of the fall and sued the airport authority seeking damages under theories of negligence and wantonness. The airport authority filed a Rule 12(b)(6) motion to dismiss, alleging that it was entitled to immunity from the traveler's tort action under Section 10 of Act No. 780. Significantly, the airport authority did not argue that it was entitled to immunity under § 4-3-47(2), the statute at issue in the present case.[4]
In Gaines, in response to the airport authority's immunity claim, the traveler argued that
"Act No. 780 and Act No. 1219 unconstitutionally deny him the due process and equal protection guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, § 13, of the Alabama Constitution. Specifically, [the traveler] alleges that these acts are arbitrary and capricious because, he says, the legislature has 'unreasonably divided airport patrons and airport tort-feasors into arbitrary classes.' He says, 'If one were injured at an airport where the county population was less than 110,000 through the willful negligence of an airport employee, conceivably he could recover while an identically injured patron at Appellee's airport could not.' "
Gaines, 581 So.2d at 445-46. This Court stated that the traveler's argument raised the following issue:
"[T]he issue in this case is whether Act No. 780, as amended by Act No. 1219, unconstitutionally creates a classification that affords unequal protection to persons injured in an airport operated by an authority organized under Act No. 780 by depriving them of a remedy in tort [1] that is available to persons injured in airports operated by an authority organized under Article 1 of Chapter 3 and Chapter 4 of Title 4 ( Ala. Code 1975, §§ 4-3-1 through -24, §§ 4-4-1 through -16).
"____________________
"[1] Persons injured in an airport operated by an authority organized under Article 3 or 4 could sue the authority for injuries caused by its wanton conduct, whereas persons injured in an airport operated by an authority organized under *970 Act 780, as amended by Act No. 1219, may not sue the airport authority for any action in tort."
Gaines, 581 So.2d at 447. This Court concluded that the acts did, in fact, create an unconstitutional discriminatory classification and held that
"Act No. 780, as amended by Act No. 1219, by its terms and by comparison to Article 1 of Chapter 3 and to Chapter 4, does create a classification that affords unequal protection to persons injured in an airport operated by an authority organized under Act No. 780 by depriving them of a remedy for any tort."
581 So.2d at 448.
Bargsley notes that the Gaines Court seemed to accept the premise of the traveler's argument that an airport authority incorporated under § 4-3-2 was not entitled to immunity from a claim of wantonness. Bargsley appears to be correct in noting that the Gaines Court accepted that premise as true. However, nothing in Gaines indicates that this issue was actually presented to the Gaines Court or was decided by the Gaines Court. In fact, there is no citation to or discussion in Gaines concerning § 4-3-47(2), the statute at issue here, which clearly states that an airport authority incorporated under § 4-3-41 is entitled to immunity from all tort actions. As a result, we do not read Gaines as interpreting the plain language of § 4-3-47(2) in such a way that denies an airport authority incorporated under § 4-3-41 immunity from all tort actions; that was not at issue in Gaines. Rather, Gaines states that Act No. 780 and Act No. 1219, laws not at issue in the present case, unconstitutionally created a discriminatory classification, thereby depriving the plaintiff in that case from his equal-protection rights. The issue requiring this Court's decision in the present case -- whether the plain language of § 4-3-47(2) entitles the BAA to immunity from Bargsley's wantonness claim -- is entirely different from the issue decided in Gaines -- whether Act No. 780 and Act. No. 1219 created an unconstitutional discriminatory classification; Gaines is distinguishable from the present case.
We conclude that the plain language of § 4-3-47(2) entitles the BAA to immunity from Bargsley's wantonness claim. We note that the BAA also argues that it is entitled to immunity from Bargsley's wantonness claim under § 23-1-383, Ala. Code 1975. However, our conclusion that the BAA is entitled to immunity under § 4-3-47(2) pretermits discussion of the BAA's argument regarding § 23-1-383.
Conclusion
Based on the foregoing, we conclude that the BAA has demonstrated that it has a clear legal right to a dismissal of Bargsley's tort action, including her wantonness claim, based on its immunity under § 4-3-47(2). Therefore, we grant the BAA's petition for a writ of mandamus and order the circuit court to grant the BAA's motion to dismiss in its entirety.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Main, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

Bargsley did not challenge the BAA's motion to dismiss as to her negligence claim, and she presents no argument before this Court concerning her dismissed negligence claim.

"Authority" is defined in § 4-3-40(7), Ala. Code 1975, as "[a] public corporation organized pursuant to the provisions of this article." It is undisputed that the BAA meets the definition of "authority."

Bargsley urges this Court to consider the legislative histories of §§ 4-3-47 and 4-3-50 in order to ascertain the meaning of the plain language of § 4-3-47(2). However, such an exercise is neither necessary nor warranted under the principles set forth in Ex parte Ankrom, supra. The language used by the Legislature is not ambiguous; thus, there is no need to engage in judicial construction.

Neither did the airport authority argue that it was entitled to immunity under § 4-3-11(2), Ala. Code 1975, which is identical in substance to § 4-3-47(2). Section 4-3-11(2) provides immunity from tort actions for authorities incorporated under Title 4, Chapter 3, Article 1, while § 4-3-47(2) provides immunity from tort actions for authorities incorporated under Title 4, Chapter 3, Article 2. Both statutes state that an authority has the power to sue and be sued in civil actions, "excepting actions in tort against the authority."